# Sparks *v.* McCreary.

*Action for Damages for Injury to Calling or Business.*

(Decided June 30, 1908.   47 South. 332.)

1. *Action; Character; Case.*—A complaint declaring on the wrongful conduct of another, but not involving actual or constructive possession of property or the use of force in any form in the interference with the business or calling of another is in case.

2. *Tort; Injury to Property.*—One's trade, profession or business is a property right and an interference therewith is actionable. (Section 13, Constitution 1901.)

3. *Same; Intent.*—The wrongful interference with another's business is actionable without regard to the intent since the intent only affects the question of damages.

4. *Same; Complaint; Negative Defense.*—The fact that the business is not lawful, if available at all, is a matter of defense, and hence a complaint for the wrongful interference with a business need not aver that the business was lawful and legitimate.

5. *Pleading; Demurrer; Improper Damages.*—The right to damages improperly claimed cannot be raised by demurrer; such questions should be raised by objections to evidence and requested instructions.

6. *Damages; Proximate Cause.*—The departure of customers and the leaving of their employment by the employes of plaintiff may be said to be a proximate consequence of the defendant's act in forbidding plaintiff and his clerks in the presence of plaintiff's customers, to sell, and such customers to buy, the goods of plaintiff, coupled with threats to the customers that if they bought their names would be taken down and they would be required to attend court or submit to prosecution.

7. *Same; Evidence.*—Where, for a definite period, beyond any temporary disturbance, the business was suspended by defendant's unlawful conduct, it was competent to adduce evidence of the profits arising from the business, under like circumstances and conditions, for the purpose of establishing the value of the business to ascertain damages for the wrongful interference with it.

8. *Same; Exemplary Damages.*—Exemplary damages may be awarded for interfering with a business wantonly or maliciously or under circumstances of aggravation.

9. *Same; Pleading.*—Exemplary damages need not be specifically claimed in the complaint, to be awarded.

APPEAL from Clay County Court.

Heard before Hon W. J. PEARCE.

Action in case by J. W. Sparks against John D. McCreary. From a judgment sustaining demurrers to the complaint, plaintiff appeals. Reversed and remanded.

The original complaint is as follows: "(1) Plaintiff claims of defendant $5,000 damages, for that heretofore, to wit, on March 23, 1906, plaintiff was engaged in the mercantile business in the town of Lineville, Ala., carrying a general line of goods, wares, and merchandise, which plaintiff was selling principally for cash, and plaintiff had been engaged in said business for about two years prior to said date, and was dependent upon said business for a livelihood for himself and family; that on or about March 23, 1906, defendant did come into plaintiff's store where and while plaintiff and three or four clerks were waiting on customers and selling plaintiff's goods, wares, and merchandise to the customers who were in plaintiff's store, and in the presence of many customers, defendant did wrongfully forbid plaintiff and his clerks from selling plaintiff's said goods, wares, and merchandise, and did wrongfully forbid the customers who were in plaintiff's store from buying plaintiff's said goods, wares, and merchandise, stating to said customers that he would take down the names of all parties who made purchases, and that they would have to attend court; and, on being asked by plaintiff by what authority he forbade the sale of the goods, wares, and merchandise of plaintiff, defendant replied, by the authority of the telegram which he had received from Dougherty-Ward-Little Company, which telegram defendant read to and in the presence of plaintiff, his clerks and customers. And plaintiff avers that on account of the action of defendant that plaintiff's customers stopped buying, and he and his clerks were thereby forced to stop selling, said goods, wares, and merchan-

dise; plaintiff's said customers leaving his said store, to the damage of plaintiff as aforesaid.' (2) This count is similar in fact and in statements to count 1, except that it is alleged that defendant, without legal authority and without process of law, did wrongfully, willfully, wantonly, and maliciously do the things complained of in the first count, and as a result the customers were frightened from his store; some leaving without paying for the goods they had already purchased, and others, who were prospective purchasers, being turned away before reaching the store. The third count is similar in all respects to the second.

Demurrers were interposed to these counts as follows: "They are uncertain in their averments. They do not show that the act of the defendant was the proximate cause of the plaintiff's alleged loss. The averments therein are too general. The averments of wrong are mere conclusions of the pleader. For aught appears, plaintiff was in failing circumstances, and the acts of defendant were legitimate and legal. For that the cause for damages is for prospective loss, and said damages are speculative: For that it does not appear that the injury of plaintiff's business was permanent. For that it is not shown that plaintiff was making any profit in his business at the time of the alleged act. These demurrers were sustained, and counts 4, 5, 6, 7, and 8 were added. Count 4 contains the same allegations as to the damnifying act contained in count 1, with the additional averment that as a natural consequence of defendant's act custom was driven out of plaintiff's place of business, and plantiff thereby lost the custom and the profits from its sale. Count 5 is the same as 4, except that it alleges that the wrongs complained of were willfully, wantonly, and maliciously done. Count 6 is the same as counts 1 and 4. Count 7 alleges the same dam-

nifying act, with the additional averment of the amount invested in the business, the average sales per year, and a loss of the profits therein. Count 8 is the same as 7, with the exception that the acts alleged to have been done were willfully, wantonly, and maliciously done. The same demurrers were refiled to these counts, with additional grounds not necessary to be here set out, as they are but an enlargement of the former grounds.

WALTER S. SMITH, for appellant.   One injured in his person or property rights is entitled to compensation therefor.—Section 13, Constitution 1901; 8 A. & E. Ency of Law, p. 544.   General damages are those naturally resulting from the injury complained of, and need not be specifically claimed.—*Dowdell v. King*, 97 Ala. 635; *Ross v. Malone*, 97 Ala. 529; *Louis v. Paul*, 42 Ala. 136.   An improper claim for damages cannot be reached by demurrer.—*Cen. of G. Ry. Co. v. Keyton*, 41 South. 921.   Punitive damages need not be specially pleaded. —*A. G. S. v. Arnold*, 84 Ala. 59.   When attended with circumstances of aggravation, or done wantonly or maliciously, a wrongful act may be compensated in punitive damages.—*Garrett v. Sewell*, 108 Ala. 521; *Snedicor v. Pope*, 39 South. 324.   Profits earned under like circumstances and conditions are admissible in evidence to determine the value of the business and the damages sustained.—*Smith v. Dinkinspeil*, 91 Ala. 528; 80 Ill. 574; 11 Mich. 542; *C. of G. Ry. Co. v. Keyton*, *supra*.   The intent was not essantial but goes only to damages.—*Womack v. Byrd*, 51 Ala. 505; *Thorn v. Kemp*, 98 Ala. 425.

WHATLEY & CORNELIUS, for appellee.   Where demurrer is sustained generally and the party declines to plead over, if the demurrer is well signed on any ground

C 25

the judgment will be affirmed.—*Guilford v. Kendall,* 42 Ala. 651; *McCreary v. Jones,* 96 Ala. 592. Under this rule, several of the grounds of demurrer assigned were well sustained, and an affirmance should follow. In any event, the damages are too remote and speculative as grounds of recovery.—*Southern Ry. Co. v. Coleman,* 44 South. 846; *Reed Lbr. Co. v. Lewis,* 94 Ala. 26; *Moulthrop v. Hyatt,* 105 Ala. 493; *Gunter v. Beard,* 93 Ala. 227; *Harper v. Weeks,* 89 Ala. 577; *Brigham & Co. v. Carlisle,* 78 Ala. 243; 8 A. & E. Ency of Law, 616.

McCLELLAN, J.—We construe the counts, both original and amendatory, as in case. The wrongful conduct of the defendant, not involving actual or constructive assumption of possession of the storehouse or goods of the plaintiff, or force in any form, was, on the averments, purely consequential in the damnifying consequence alleged to have resulted therefrom.—*City Delivery Co. v. Henry,* 139 Ala. 161, 34 South. 389; *Ala. Midland. R. R. v. Martin,* 100 Ala. 511, 14 South. 401; 21 Ency. Pl. & Pr. 783. The gist of the action is that the defendant wrongfully, and in some of the counts it is averred also willfully, wantonly, and maliciously, forbade the plaintiff and his clerks, in the presence of purchasers, or those negotiating to that end, to sell or buy any of the goods of the plaintiff, and threatened, if so, that he would take memoranda of such sales and purchases, and that those so dealing would be required to attend court or to submit to prosecution. It is also averred that business was suspended thereby, that customers left, and that some of the clerks fled. It is not alleged that the defendant was or acted as an officer of the law in any sense.

In section 35 of the Constitution (1901), defining the legitimate limits and ends of government, it is said: "That the sole object and only legitimate end of government is to protect the citizen in the enjoyment of life, liberty, and property. * * *" In section 13 it is ordained "that every person, for any injury done him, in his lands, goods, person or reputation, should have remedy by due process of law." In section 1 of the organic law it is announced that among the inalienable rights with which men are endowed are "life, liberty and the pursuit of happiness.' Writing in reference to these fundamental rights, in the *Slaughterhouse Cases,* 16 Wall (U. S.) 116, 21 L. Ed. 394, though in dissent, Justice Bradley, with self-evident soundness, said: "For the preservation, exercise, and enjoyment of these rights the indivudual citizen, as a necessity, must be left free to adopt such calling, profession, or trade as may seem to him most conducive to that end. Without this right he cannot be freeman. This right to choose one's calling is an essential part of that liberty which it is the object of a government to protest; and a calling, when chosen, is a man's property and right."—*Barr v. Essex Trades Council,* 53 N. J. Eq. 101, 30 Atl. 881. In necessary consequence, an unlawful invasion of or interference with the pursuit or progress of one's trade, profession, or business is a wrong for which an action lies. Holt, C. J., in *Keeble v. Hickeringill,* 11 East, 574, thus states the doctrine: "He that hinders another in his trade or livelihood is liable to an action for so hindering him"—though it must be that he intended the broad declaration to be subject to the qualification that the hindrance, the act or conduct so resulting, be wrongful, unlawful, and this, independent, as a general rule, of the motive or intent with which the hindrance was accomplished. We so understand the conclustion

announced by Lord Watson, discussing *Keeble v. Hickeringill* in *Allen v. Flood,* Law Reports, [1898] 101-104. See, also, 1 Cyc. 650. 651, and notes. Of course, the animus with which a wrongful interference with another's business or profession is done may so color it as to warrant the imposition of exemplary damages; but we do not think it can be soundly or wisely held that a lawful act may be rendered actionably wrong by virtue of the intent with which it was done. 1 Cyc. 668-670, and authorities in notes. If such was not the case, the mental attitude of the alleged wrongdoer—not the act itself—would determine whether the act was wrongful or not.—In *Boyson v. Thorn,* 98 Cal. 578, 33 Pac. 492, 21 L. R. A. 239, 240, quoting Lord Coleridge, it is said: "I do not know, except in the case of *Lumley v. Gye,* 2 El. & Bl. 216, that it has ever been held that the same person, for doing the same thing, under the same circumstances, with the same result, is actionable or not actionable according to whether his inward motive was selfish or unselfish for what he did. I think the inquiries to which this view of the law would lead are dangerous and inexpedient inquiries for courts of Justice."

Demurrer is not the correct method by which to assail the right to damages improperly claimed.—*Cen. of Ga. R. R. v. Keyton,* 148 Ala. 675, 41 South. 921. Nor was it necessary for the complaint to affirm that the business here averred to have been tortiously interfered with by this defendant was lawful and legimate; that being matter of defense, if available at all—an inquiry not before us for determination on this appeal.—*Smith v. Dinkelspiel,* 91 Ala. 528, 8 South. 490. See *Ware v. Curry,* 67 Ala. 274.

[Sparks v. McCreary.]

The suspension of the business, the departure of customers then there and others possibly coming in, and the failure of some of the employes of the plaintiff to continue in the service of plaintiff, were natural and inevitable consequences of the conduct imputed in the complaint to the defendant. These, if resulting, the defendant must be held to have intended; and, if so, we entertain the opinion that the rule announced in *Smith v. Dinkelspiel, supra.* with respect to the serviceableness of testimony tending to establish the value of the business to the end of a reasonably certain ascertainment of the damage inflicted by the wrong alleged, is applicable in this instance, provided it is shown that for any definite period, beyond a mere temporary disturbance of the conduct of the business, the business was suspended as a proximate consequence of the action imputed to the defendant.

If the act described in the pleading was done wantonly, or maliciously, or with circumstances of aggravation, exemplary damages may be awarded.—*Snedecor v. Pope,* 143 Ala. 275, 39 South. 318, and authorities therein cited. That such damages need not be specifically claimed in the declaration is too well settled to require the citation of authority.

We are of the opinion that the demurrers to the original and amended counts should have been overruled, and for the error in sustaining them the judgment will be reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and ANDERSON and DENSON, JJ., concur.