# Brown *v.* Alabama G. S. R. R. Co.

*Damages for Diverting Water.*

(Decided December 17, 1914. 67 South. 702.)

1. *Pleading; Demurrer; Method of Attack.*—Counts in a complaint which defectively stated a cause of action as for wanton or wilful wrong, cannot be assailed by pleas, the remedy being by demurrer; it not being permissible to give to pleas an effect equivalent to demurrer.

2. *Same; Conclusions.*—A plea alleging that plaintiff contributed to the injuries charged in that he caused debris to be placed in the culvert, and thereby contributed to the obstruction complained of, expressed the conclusion of the pleader, and was therefore subject to demurrer.

3. *Negligence; Contributory; Wilful or Wanton Wrong.*—Contributory negligence is not a defense to an action based on a wilful and wanton wrong.

4. *Water and Watercourses; Overflow; Damages; Evidence.*—Where the action was against a railroad company for obstructing a culvert, whereby plaintiff's mill was flooded, plaintiff was entitled to show the suspension of the operation of his mill, its duration, and the net loss of the business entailed thereby; hence, it was error to refuse to permit a witness to testify to the daily capacity of the mill, and that plaintiff was engaged in supplying the retail trade for several counties adjacent with meal, and that this meal was being ground daily.

[Brown v. Alabama G. S. R. R. Co.]

5. *Same.*—In such an action testimony for defendant tending to show that the operation of such mill was hindered by a deficient or intermittent electric current upon which it relied for power, was admissible as tending to refute the contention that there was a loss in consequence of the suspension of the business of the mill, and that this suspension was caused by the flood.

6. *Same; Instruction.*—A charge asserting that if the injuries complained of were proximately caused by the negligent failure of defendant to maintain a sufficient drainage under its roadbed, to convey away the water, then plaintiff was entitled to recover, failed to hypothesize defenses pleaded, and predicated plaintiff's right to recover only on the establishment of the cause of action stated in the complaint, and was therefore refused without error.

7. *Same.*—A charge asserting that it was the duty of defendant to keep its culvert, sewer pipe or drain free from gravel, sand or other debris, and if the jury reasonably find from the evidence that this was not done, but that the same was stopped with said gravel, sand or stone, then, as a matter of law, defendant was negligent, misstated the measure of proof necessary to a recovery, and was properly refused.

8. *Same.*—A charge that if plaintiff's mill was flooded at the time claimed, and this flooding was caused by the water backing up from defendant's railroad by reason of the fact that the drainage under said railroad was so stopped or filled that it was insufficient to let the water through fast enough, and that defendant had been notified of such condition, or had knowledge thereof, and was notified or had knowledge of the fact that plaintiff's mill would probably be flooded unless such drainage condition under the railroad was remedied, and then negligently failed to remedy said drainage, the jury would be justified in assessing punitive damages against defendant unless the jury find that plaintiff was guilty of contributory negligence as charged in defendant's pleas, appeared to make contributory negligence a defense to wanton injury, and was properly refused.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by A. Brown against the Alabama Great Southern Railway Company for damages for obstructing natural flow of water. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The case made by the pleadings is that plaintiff owned a large gristmill (operated by steam) and several lots contiguous thereto, and that near said mill was defendant's railway upon an artificial embankment or fill of considerable width and several feet in height, and under said embankment defendant had a culvert or sewer to receive and convey off the water that accum-

ulated from rainfalls above and upon the said lots of plaintiff and naturally drained in the direction of and through said culverts to lands lying lower and beyond said railway from plaintiff's gristmill, and that in times of rainfall considerable water accumulated on the lots of plaintiff, and, flowing through a well-defined channel, joined with waters draining off of plaintiff's said lot down to and through said embankment by way of the sewer. The fifth count alleges the negligence to be that defendant negligently allowed said culvert, sewer pipe, or drain to become obstructed or filled with earth, gravel, stone, or other debris, and, as a proximate consequence, the said waters from a heavy rainfall which occurred on February 26, 1913, and accumulated at the mouth of said culvert and against said embankment, were thrown back upon the lots of plaintiff, and rose so high thereon that said water poured through the windows or other openings in the basement of plaintiff's said mill, and filled said basement with such a depth of water, mud, and refuse matter. (Here follows catalogue of injuries.) The seventh count avers that plaintiff sustained the injuries and damages enumerated in the fifth count, and that the same was proximately caused by the willful, wanton, or intentional negligence of defendant, its servants and agents, in permitting or allowing the said culvert, sewer pipe, etc., to become filled up with earth, gravel, stone, or other debris. The eighth count sets up the damages as enumerated in the sixth count, and that they were proximately caused by the willful, wanton, or intentional negligence of the defendant, through its servants and agents charged with the duty of maintaining said sewer pipe, culvert, etc., to remove the said earth, gravel, stone, and other debris.

[Brown v. Alabama G. S. R. R. Co.]

The following are the pleas filed to the seventh and eighth counts: (9) To the seventh count defendant says that the injuries complained of were proximately caused by the contributory negligence of plaintiff, in this, that at and prior to the happening of the injuries complained of in said count plaintiff caused debris to be thrown into or otherwise placed in said sewer, culvert, or pipe, and thereby contributed proximately to the obstructions complained of.

(10) Answering plea 8, contributory negligence of plaintiff in this, that at and prior to the happening of the injury complained of in said count plaintiff caused debris to be thrown into or otherwise placed in said sewer, culvert, or pipe, and thereby proximately contributed to the obstruction.

Plea 7 is filed to the fifth count of the complaint, and is similar in allegation to pleas 9 and 10. The sixth ground is that the plea is no more than a conclusion of the pleader.

On the direct examination the witness T. C. Banks testified concerning the condition of the mill at the time complained of, and that it could not be operated until the water dried out or had been pumped out and that Mr. Brown was using a pump to get rid of the water. Plaintiff then offered to prove by the witness that the mill had a capacity of about 1,000 bushels per day; that Mr. Brown was engaged in supplying the retail trade for several counties adjacent thereto the meal that was being daily ground by the mill. Defendant interposed objection to this testimony and the court sustained it.

The following charges were refused to plaintiff: (17) If the injuries of plaintiff complained of in the complaint were proximately caused by the negligent failure of the defendant to maintain a sufficient drainage un-

der its roadbed to convey away the water, then plaintiff would be entitled to recover.

(17) It was the duty of defendant to keep its culvert, sewer pipe, or drain free from gravel, sand, or other debris, and, if the jury reasonably find from the evidence that this was not done, but that the same was stopped with such gravel, sand, or stone, then, as a matter of law, defendant was negligent.

(19) If plaintiff's mill was flooded at the time claimed in the complaint, and this flooding was caused by the water backing up from defendant's railroad by reason of the fact that the drainage under said roadbed was so stopped or filled that it was insufficient to let the water through fast enough, and that defendant had been notified of such condition, or had knowledge thereof, and was notified or had knowledge of the fact that plaintiff's mill would be probably flooded unless said drainage under the railroad was remedied, and then negligently failed to remedy said drainage, you would be justified in assessing punitive damages against defendant unless you find that plaintiff was guilty of contributory negligence as charged in defendant's plea.

McCord & Davis, for appellant.

Goodhue & Brindley, for appellee.

McCLELLAN, J.—The perfect observance, by Mr. E. L. Hurst, the clerk of the city court of Gadsden, of Supreme Court rule No. 26, set out in 175 Ala. xix, 61 South. vii, and the general neatness of the transcript, on this appeal, warrants this court in commending him for the excellent performance of his duty in this important regard.

(1, 2) The action is by appellant against appellee for damages to plaintiff's mill and property in consequence of surface water being retarded in its natural flowage by reason of an alleged insufficient culvert under or through an embankment or fill made and maintained by the defendant in the construction and operation of its railway in the city of Attalla. The defendant's demurrers to all the counts were overruled. The demurrer to count 7 did not question its sufficiency as a count ascribing the injury and damage alleged to wanton, willful, or intentional misconduct of servants of defendant "in permitting or allowing the said culvert, sewer, or pipe to become filled with earth, gravel, stone, or other debris as aforesaid." No demurrer of any kind appears to have been interposed to count 8. Both counts 7 and 8 purport to impute the aggravated wrong to the defendant through the non-observance of duty by its employees. To these counts, thus unquestioned in respect of their sufficiency to charge wantonness or willfulness, defendant undertook by pleas 9 and 10 to be exonerated in consequence of the therein asserted contributory negligence on the part of the plaintiff. Contributory negligence is, of course, no answer to counts ascribing the injury and damage to wanton or willful wrong. It is not permissible to give pleas an effect equivalent to aptly grounded demurrer. Counts which defectively state a cause of action as for wanton or willful wrong cannot be assailed as by plea. Demurrer is the remedy. The court was in error, therefore, in overruling the demurrer to pleas 9 and 10 as answers to counts 7 and 8.

(3) Count 5 attributed the injury and damage to simple negligence of servants of the defendant in allowing the culvert to be so clogged as that the surface water from a heavy rainfall was retarded and thrown

back in plaintiff's mill. To this count defendant interposed plea 7. This plea asserted that plaintiff was guilty of proximately contributing negligence, in that he caused debris, etc., to be placed in the culvert, and thereby "contributed to the obstructions complained of" in count 5. The plea (7) was, in our opinion, subject to the sixth ground of the demurrer interposed thereto. This ground asserts that the plea only expressed the conclusion of the pleader. The facts from which the pleader deduces his conclusion that the debris placed in the culvert by the plaintiff contributed to the obstructions complained of are, in material parts, left unstated. Whether the contributions averred to have been made by plaintiff to the obstruction were sufficient to make any practical difference in the clogging, in whole or in part, of the culvert, is only to be inferred by reference to the avowal of the pleader's conclusion to that end. Indeed, this plea's averments would be sustained by proof that plaintiff caused completely inconsequential debris to be placed in the culvert; whereas, in order to conclude the plaintiff as for acts of this character and exonerate the defendant from the consequences of the wrong averred in count 5, it was necessary that the contributions made by the plaintiff should have been such as to effect the clogging, in whole or in material part, of the culvert. The plea is also defective in that it is not averred therein that the matter placed in the culvert by the plaintiff proximately contributed to the injury complained of in count 5, instead of, as averred, to the obstructions mentioned therein. But this objection to the plea is not pointed out by any ground of demurrer. Plea 8 is, upon like considerations, subject to the same criticisms as those made of plea 7. The demurrer should have been sustained to plea 8.

As we understand the record, pleas 4 and 5 were held to be subject to demurrer—a ruling favorable, of course, to appellant.

(4) Under counts of the complaint averring particular elements of damage resulting from the flooding of the mill, it was admissible for plaintiff to show the suspension of the operation of his mill, its duration, and the net loss of the business entailed thereby.— *Sparks v. McCrary,* 156 Ala. 382, 47 South. 332, 22 L. R. A. (N. S.) 1224; *Sou. 1. & E. Co. v. Holmes,* 164 Ala. 517, 525, 51 South. 531. The court was in error in denying admission to features of the testimony looking to that end on the examination in chief of the witness T. C. Banks.

(5) There was no error in allowing the defendant to elicit from the witness Cassels testimony tending to show that the operation of the mill was hindered by a deficient or intermittent electric current upon which it relied for power; this as tending to refute the contention that there was loss in suspension of the business of the mill, and that the flooding was the occasion of that suspension, if sustained.

(6, 7) Charges 17 and 18 were refused to plaintiff without error. The former did not take due account in its hypothesis of the defenses pleaded, but predicated plaintiff's right to recover only upon the establishment of a cause of action set forth in the complaint. The latter charge misstated the measure of proof necessary to warrant a recovery by plaintiff.

(8) Charge 19 refused to plaintiff appears to confuse the rules of law pertaining to willful or wanton misconduct or omission. Contributory negligence is not available to defeat a recovery on that account. It was proper to refuse that request.

There is evidence tending to support every material allegation of the complaint, both as for liability for simple negligence and for a conscious disregard of the damnifying consequences to plaintiff's property that would probably ensue if a heavy, though not unsuual, rainfall should come. The issues on the complaint were for the jury. Such was the view prevailing in the trial court.

The judgment is reversed, and the cause is remanded. Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.