(87 South. 673)

## HARDEN v. CONWELL. (7 Div. 98.)

(Supreme Court of Alabama. Oct. 28, 1920. Rehearing Denied Jan. 13, 1921.)

1. **Landlord and tenant** ⬳105—**Cessation of specified business held not forfeiture of lease.**

A clause in a rental contract that the premises were for occupation as a market and not otherwise· is not a requirement for the continuous operation of a market in the premises, but merely prohibits the use for any other purpose, so that a trespass on the premises cannot be justified on the plea that the landlord was entitled to possession because the tenant had forfeited his rights by ceasing to operate the market therein.

2. **Trover and conversion** ⬳22, 58—**Return of property no justification.**

The removal of the tenant's chattels from the rented building by the landlord's agent was such taking or conversion as would authorize the tenant to maintain trespass or trover when the landlord's entry was not lawful, and the mere fact that the defendant had not used the articles and was willing to return them does not justify the taking or conversion, though it could be considered in mitigation of damages.

3. **Appeal and error** ⬳1050(2)—**Erroneous evidence on immaterial question held harmless.**

In an action by a tenant for trespass by the landlord's agent, where the landlord had no

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

right to forfeit the lease for mere cessation of the specified business on the premises, error in permitting the tenant to testify by way of conclusion that he had abandoned business, but intended to resume it, was not prejudicial to the agent.

Appeal from Circuit Court, Etowah County; W. J. Martin, Judge.

Trespass and trover by T. A. Conwell against J. H. Harden. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Count A is for trespass by the defendants on one storehouse located at 110 South Fifth street, between Chestnut and Broad, in the city of Gadsden. The third plea of this count sets up that at and prior to the happening of the matters complained of in count A the said storehouse described in the complaint was the freehold of one Robbie K. Smith, and said Robbie K. Smith had the right to the immediate possession of said storehouse, and defendant was a real estate agent, in the employ of the said Robbie K. Smith, and in charge of the said storehouse as her agent, and defendant did the acts complained of under the command of said Robbie K. Smith, and for the purpose of restoring this storehouse to the possession of said Robbie K. Smith. Count 2 was for the conversion of one motorcycle, one gas heater and fixtures, and one Yale lock, and count 3 was in trover for the same articles.

Goodhue & Brindley, of Gadsden, for appellant.

Defendant was entitled to the affirmative charge as to count A, because defendant proved its plea 3. 183 Ala. 479, 62 South. 874; 38 Cyc. 1047; 16 R. C. L. §§ 663, 700. The abandonment of the storehouse as a market was a forfeiture of the lease and authorized a re-entry. 16 R. C. L. 1144; 17 R. I. 731, 24 Atl. 776, 16 L. R. A. 798, 33 Am. St. Rep. 905; 34 W. Va. 49, 11 S. E. 754, 8 L. R. A. 759, 26 Am. St. Rep. 901; 36 Minn. 80, 30 N. W. 446; 163 Mass. 12, 39 N. E. 409, 47 Am. St. Rep. 434. Counsel discuss other assignments of error, but cite no additional authority.

James D. Giles and Thomas H. Stevens, both of Gadsden, for appellee.

Whether the lease was abandoned or not was a question for the jury. 24 Cyc. 1392. A temporary vacation is not an abandonment. 124 La. 611, 50 South. 598; (Tex. Civ. App.) 180 S. W. 923. There was no error in the charge of the court as to damages. 75 Ala. 407; 37 Ala. 595; 66 Ala. 406.

ANDERSON, C. J. [1] The main question to be determined upon this appeal is whether or not the rental contract had been forfeited by the tenant, the appellee, before the appellant drew the staple and took possession of the house in question. If there had been a forfeiture by the tenant, under the terms of the contract the owner or agent was authorized to re-enter and take possession of the building without notice, etc. The appellant contends that the contract had been forfeited by the appellee, for the reason that the store was to be occupied as a meat market, and he had ceased to so use or occupy it several weeks before the re-entry by the appellant. The undisputed evidence shows that the appellee had not abandoned or vacated the store entirely, as he left it locked, retained the key, and also left stored therein several articles of personal property, but that he did cease to conduct a meat market therein and had removed therefrom all butcher's tools, instruments or appliances used in or connected with the market business, and had, in fact, ceased to use the building as a market. The rental contract says, "for occupation as a market and not otherwise," and the appellant's insistence is that this provision required the maintenance of a market at all times, and that when the appellee discontinued his market and ceased to use the building as such he breached the above-quoted provision of the contract, and that under another clause the owner had the right to enter and retake possession. We are not able to agree with appellant's counsel as to this contention, and think that the provision above quoted merely restricted the use of the building as a market, and did not contemplate or require that the appellee must conduct a market continuously during the entire period of the lease. In other words, it did not require him to conduct a market, but merely forbade the use of the house for any other business, trade, or calling. We, therefore, hold that defendant's special plea 3 to count A of the complaint was not proven, as it avers that the owner, for whom the defendant was acting, was at the time of the entry or alleged trespass entitled to the immediate possession of the storehouse, and such was not the case under the evidence. The trial court did not therefore err in refusing the defendant's requested general charge as to said count A.

[2] As the entry in the house was not lawful, and the plaintiff's motorcycle and gas heater were stored therein, the removal of same was such a taking or conversion as would authorize the plaintiff to maintain trespass or trover. The fact that the defendant has not used these articles, and has been ready and willing to restore them to the plaintiff, are facts which could, no doubt, be considered in mitigation of damages, but not in justification of the taking or conversion, and the trial court did not err in refusing the defendant's requested general charge as to counts 2 and 3. 38 Cyc. 2060b, note 61.

[3] It may be conceded that the trial court

erred in permitting the plaintiff to testify, by way of conclusion, that he had not permanently abandoned the house as a meat market, and that he intended to reopen it the 1st of September, but under the view we take of the forfeiture clause of the contract it was immaterial whether he abandoned the house as a meat market or not, and this evidence was therefore harmless to the defendant.

While there are several assignments of error argued but not specifically treated in this opinion, the brief of counsel insists upon reversible error upon the assumption or hypothesis that the defendant was entitled, under the terms of the lease, to retake the storehouse because of a forfeiture by the plaintiff, and, as we hold that the failure to maintain a market did not, under the terms of the contract, authorize the defendant to declare the same forfeited, there is, of course, no merit in said points.

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and BROWN, JJ., concur.