(92 South. 545)

## DUFFEY v. SOUTHERN MFG. CO.
(7 Div. 283.)

(Supreme Court of Alabama. April 27, 1922.)

**Contracts ⟨⟩335(1)—One must allege ability to perform in order to recover for breach.**

One suing for breach of a contract containing mutual and dependent covenants must allege and prove that he was ready, willing, and able to perform, as well as that defendant failed to perform.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action by J. S. Duffey for damages for breach of contract. Judgment for the defendant, and plaintiff appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

Count 1 is as follows:

"Plaintiff claims of the defendant the sum of $5,000 as damages for the breach of a contract entered into by it on the 19th day of April, 1919, which contract is in words and figures as follows: [Here follows contract in which Duffey agreed to cut and load on cars at Gilbert's switch in St. Clair county, Ala., all timber of every kind upon lands therein described; the timber to be cut to measure 12 inches or over at a point 16 inches from the ground, the timber to be cut as close to the ground as practical, and the logs cut into suitable lengths for sawing into lumber as may be directed by the party of the first part and in such manner as to save timber from waste; logging operations to

start as soon as Duffey could move his outfit onto the land, and the cutting to continue continuously until all the timber had been cut and loaded on the cars at the designated point, and should be at the rate of not less than an average of one carload per day, nor more than two carloads per day. Then follows the matter of scaling and the payment per 1,000 feet, a retention of a certain portion thereof to insure the completion of contract, and the forfeiting of the amount retained should Duffey abandon his contract or fail to keep and perform the stipulations thereof.]

"And the plaintiff avers that the defendant breached said contract in this: After plaintiff had gone to great expense in equipping teams and assembling hands and tools and had entered upon the performance of said contract, the defendant terminated said contract by notifying the plaintiff not to trespass upon said land, to cease from hauling and cutting timber therefrom, and threatening to prosecute plaintiff or his laborers at work on said land for trespass, and as a proximate consequence plaintiff was prevented from performing said contract and lost the profits therefrom; he lost much money in feeding and caring for said teams till he could dispose of the same and sold same at great loss; he lost much time while disposing of said teams and was put to great expense on account of having to pay his said hands for time that they had contracted with him to pay in and about cutting, hauling, and loading said timber, to plaintiff's great damage as aforesaid."

Count 2 is the same as count 1 except as to the breach alleged, and that is stated as follows:

"Defendant failed to make said deposit of 50 cents in the bank as it agreed to do in said contract and as a proximate consequence plaintiff sustained the damages enumerated in count 1."

Count 3 is the same as count 1 except as to the breach alleged, and that is stated as follows:

"The defendant failed to make payment for the logs cut and delivered at defendant's mill every two weeks for all logs received and scaled during the previous two weeks, and as a proximate consequence the plaintiff sustained the damages enumerated and set out in his count 1 of this complaint."

Count 4 of the complaint is the same as count 1 except as to the breach alleged, and that is stated as follows:

"The defendant ordered the plaintiff to cease cutting said logs till further notice and failed to notify plaintiff to again begin cutting said logs, and as a proximate consequence thereof plaintiff sustained the damages enumerated in count 1."

The demurrers raise the point discussed and decided in the opinion.

E. O. McCord & Son, of Gadsden, for appellant.

The court was in error in its ruling on the pleadings. 93 Ala. 614, 11 South. 60; 99 Ala. 331, 13 South. 51; 112 Ala. 80, 20 South. 502; 119 Ala. 44, 24 South. 739, 43 L. R. A. 382; 120 Ala. 558, 24 South. 949; 4 Ala. App. 596, 58 South. 941; 2 Ala. App. 471, 56 South. 826.

Hood & Murphree, of Gadsden, for appellee.

The court properly sustained demurrers to the complaint and directed a verdict for the defendant. 186 Ala. 470, 65 South. 65; 3 Michie's Digest, 387.

SAYRE, J. It may be that the allegations of count 1 in respect of the circumstances which interfered with plaintiff's performance of the contract between the parties—defendant's wrong in ordering plaintiff to cease his efforts to perform the contract and threatening to prosecute plaintiff for trespass if he went upon the land where the contract was to be performed—relieved plaintiff of the necessity of alleging that he was ready, able, and willing to go on with the contract. The court so held, and appellant is not in a position to complain. But the other counts are not saved by any such consideration. They allege breaches of the contract by defendant, that is, they allege (counts 2 and 3) that defendant failed to pay according to agreement, or (count 4) that defendant ordered plaintiff to cease cutting logs till further notice and failed to notify him to begin again to cut. But, for all that, plaintiff was not ready or able to proceed with the work called for by the contract. A party seeking to recover as for the breach of a contract containing mutual and dependent covenants or stipulations must aver and prove that he was able, ready, and willing to perform, as well as that defendant failed to perform on his part. Moss v. King, 186 Ala. 475, 65 South. 180; 3 Mich. Dig. p. 387, § 236. Reading these counts most strongly against the pleader, the demurrers were properly sustained.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.