(122 So. 357)
## WOODALL et al. v. MALONE–HARRISON MOTOR CO. (4 Div. 417.)

Supreme Court of Alabama. April 11, 1929.

Rehearing Denied May 23, 1929.

Sollie & Sollie, of Ozark, for appellants.

J. Norton Mullins, of Dothan, for appellee.

FOSTER, J. Appellee sued appellants in detinue under the statute for machinery sold. Defendants suggested a mortgage as the basis of plaintiff's claim, and pleaded specially numerous matters affecting the amount of the debt, claiming that there was nothing due on it.

The evidence tends to show that there was a mortgage given for the purchase price of the machinery, and that after it became due, a controversy arose between the parties, and they finally adjusted their differences by a compromise agreement written on the mortgage itself. In offering evidence of the amount of the indebtedness, appellee, plaintiff in the circuit court, made proof of the services of its attorney in the prosecution of this case, and a reasonable amount for such services. Appellants duly objected to all such evidence on the grounds as stated in the bill of exceptions, as follows: "That the instrument, the foundation of plaintiff's title, upon which, in part, it predicates its right of recovery, is in evidence before the court and jury; that said instrument does not provide for the payment of an attorney's fee, for said services of attorneys, in bringing and prosecuting this suit, as a part of the indebtedness or obligation evidenced or secured by said instrument; and that, therefore, the value of the services of attorneys for plaintiff, rendered in bringing and prosecuting this suit, do not constitute part of the obligation imposed upon defendants by said instruments; and are not and cannot be made a part of the indebtedness from defendants to plaintiff under said instrument."

In making objection to further evidence of such nature appellants assigned as a ground the following: "4. The instrument, the foundation of plaintiff's title to the property named in the question, is in evidence; and does not provide for the payment by defendants to plaintiff of the value of the services of plaintiff's attorney in bringing and prosecuting this suit." The court overruled the objections, and appellants excepted.

Appellants here insist that nowhere in the record does it appear that a mortgage or other such instrument making provision for attorney's fees was offered in evidence or set out in the record. We find frequent mention made of such instrument in the examination of witnesses by counsel on both sides, and the court in oral charge referred to such mortgage and the written compromise agreement indorsed on it. We think the record shows that if such instrument was not formally introduced in evidence, it was so treated by both parties, and the court. Particularly is this contention of appellants not available in this connection, since their objection to this evidence was based upon a construction of the mortgage, alleged *in such objection* to be in evidence and before the court and jury. We think the effect of this nature of objection estops appellants from saying that it was not before the court and jury, and they should have placed it in the bill of exceptions so that the action of the court may be reviewed in the light of the objection, even though there may not have been a formal introduction of it. We cannot review the objection when it shows that we have not before us the matters pointed out in the objection, upon which the ruling of the court was invited by appellants.

Appellants also claim for error that it was available to them to show that, though the written agreement of compromise did not so state, appellee verbally agreed to pay appellants for charges made by their counsel for services rendered them in making the compromise agreement and prior thereto in connection with the transaction, and that there was error in the court's instruction to the jury that such written agreement of compromise is the sole evidence of what was the obligation of both parties in that connection.

■ When a written instrument shows that it contains the obligation of both parties to it, that alone is evidence of the terms of the contract. It is only when the instrument shows that it does not contain all the terms of the contract as to both parties to it that evidence may be offered to show further stipulation than those expressed, unless it is proposed to prove an engagement independent of and collateral to the matters embraced in such written instrument. Stallings v. Savage, 206 Ala. 486, 90 So. 904; Thompson Foundry & Machine Co. v. Glass, 136 Ala. 648, 33 So. 811; Morningstar v. Querens, 142 Ala. 187, 37 So. 825; Murphy v. Farley, 124 Ala. 279, 27 So. 442; Brewton v. Glass, 116 Ala. 629, 22 So. 916; Wurtzburger v. Anniston Mills, 94 Ala. 640, 10 So. 129; Powell v. Thompson, 80 Ala. 51; Vandegrift v. Abbott, 75 Ala. 487.

■ Not having before us the written instrument referred to, we cannot determine that the court erred in its rulings in respect to it. Such instrument may show that it embraces the terms of the entire agreement, and that the proposed evidence is of an obligation not independent of or collateral to its purpose. For the same reason the charge refused appellants, which they assign as error, cannot be reviewed.

We have examined the other assignments of error, and conclude that none of them are well taken, for reasons not necessary here to discuss. They do not involve legal questions which need special treatment here.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

On Rehearing.

FOSTER, J. ■ In the former opinion in this case, reference was made to the fact that the compromise agreement written on the mortgage was not before the court on this appeal. It is now urged that we were in error in this statement and that it is copied in appellee's replication set out in the record. But there is no question presented on the replication. The bill of exceptions does not show its introduction in evidence, nor is it set out therein, though one witness referred to it as being "indorsed on our replication," and other witnesses testified with reference to it, and appellees admitted its execution.

The court has fully considered this situation, and has read in consultation the evidence relating to this instrument, and upon the authority of the principle given effect in Catts v. Phillips, 217 Ala. 488, 117 So. 34, has concluded that it is not sufficiently shown in the bill of exceptions, where alone evidence should appear, to justify a consideration of the rulings and charge of the court relating to it, which appellants have assigned for error.

■ It is also insisted that we should have found that the court erred in overruling objections to evidence of witnesses for appellee who testified, in substance, as to the machinery in question: That there was nothing wrong with it; that there were no defects; that it worked all right; and the like.

We conclude that the evidence was not expressive of the mere opinion of the witnesses, "but the result of personal observation and knowledge," and as "an equivalent to a specification of the facts." We cite in support of this conclusion the following principle: "The true line of distinction is this: An inference necessarily involving certain facts may be stated without the facts, the inference being an equivalent of a specification of the facts. * * * In other words, when the opinion is the mere shorthand rendering of the facts, then the opinion can be given, subject to cross-examination as to the facts on which it is based." Wharton Ev. 516; Raisler v. Springer, 38 Ala. 703, 82 Am. Dec. 736; Avary v. Searcy, 50 Ala. 54; S. & N. Ala. R. R. Co. v. McLendon, 63 Ala. 266; A. G. S. R. R. Co. v. Yarbrough, 83 Ala. 238, 3 So. 447, 3 Am. St. Rep. 715.

We think that the evidence referred to by appellants is of the character thus described. The authorities cited by appellants on this point in their application for rehearing do not relate to that nature of evidence, and do not reflect upon the principle stated and quoted herein above.

We have not been cited to what we consider reversible error in the record. It results that the application for rehearing should be and is overruled.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.