60 So.2d 862

## ROBERSON MOTOR CO. et al. v. HEATH.

### 3 Div. 938.

Court of Appeals of Alabama.

Oct. 7, 1952.

<hr />

Ben Hardeman, Montgomery, for appellants.

John R. Matthews, Jr., and Ball & Ball, Montgomery, for appellee.

HARWOOD, Judge.

As submitted to the jury the complaint in this cause contained three counts, one count being in trespass for the wrongful taking of two automobiles, another count in trover for conversion of the automobiles, and a third count for malicious prosecution. All counts claimed damages of $10,000.

Issue was joined on the defendant's plea in short by consent, filed separately and severally as to each count.

The jury returned a general verdict in favor of the plaintiff, and assessed damages at $1,000, and judgment was entered accordingly.

Defendant's motion for a new trial being timely filed and overruled an appeal was perfected to this court.

The appeal is here upon the record proper, there being no transcription of the evidence contained therein.

Appellant has made two assignments of error. Both relate to the same point, namely, that error resulted from the lower court's oral charge as it related to damages to be awarded in event the jury should find for the plaintiff.

In this connection the record shows the following:

"You take the case and after carefully considering the case here, if you find that under Count 3 that the cars were wrongfully taken from him, or under Count 4 that they were converted in violation of his rights, or under Count 5 that a case was prosecuted against him without probable cause, then you write your verdict, we the jury find for the plaintiff and assess his damages at so many dollars, not exceeding the amount claimed in the complaint.

"On the other hand, after careful consideration of all the evidence and facts if it does not reasonably satisfy you that the charges set out in this complaint by the plaintiff are true, that these cars were wrongfully taken from him, that the case of prosecution was without basis, then you would write your verdict, we the jury find for the defendants.

"I will give you these two forms to take out with you and sign whichever one you think proper and let one of your number sign it as foreman and all twelve must agree on the verdict.

"Satisfied with the oral charge?

"Mr. Hardeman: I except on the question of damages, if they should be interested in the automobile Count with interest. The evidence showed that on the second car which was sold for $60 not a dime had been paid and on the first car, sold for $195, there was something like $87 still due, so his special interest would be limited by that.

"The Court: Yes, he could only get the amounts he had in the cars. If he had only $80 in one car—if he hadn't paid anything at all, he couldn't get the damages then.

"At the request of the plaintiff, I give you these charges in writing. They do not conflict with anything I said and are part of the law in the case."

In Birmingham Ry., Light & Power v. Cockrum, 179 Ala. 372, 60 So. 304, 308, the court considered an exception to an oral charge which exception was to "that part of the charge about the damages allowed as compensatory damages." The Supreme Court held the exception unavailing because of its generality, and stated:

"The exception does not state or set out so much of the charge as was objectionable, but merely states an exception 'to that part of the charge about the damages allowed as compensatory damages.' The exception should have selected and recited what the court said, and the court would have had a chance to correct or modify same, if

wrong, and properly brought to his attention; but an exception merely to what the court charged upon a certain point or proposition, without setting out or repeating what the court said, is not sufficient to revise the same."

Doctrines to the same effect are to be found in Birmingham Ry., Light & Power Co. v. Jackson, 198 Ala. 378, 73 So. 627; H. J. Crenshaw & Co. v. Seaboard Air Line Ry. Co., 219 Ala. 206, 121 So. 736; Bean v. Stephens, 208 Ala. 197, 94 So. 173.

It is our view that the doctrine enunciated in the above cases compel a conclusion in this case adverse to appellant's claim of error.

However, if it be conceded for the sake of argument, that the exception is sufficient to invite review, we still see no basis for positing a reversal on this point.

Exemplary damages, when a proximate consequence, may be recovered in trespass, or in trover, when the tort is accompanied with insult or malice. Howton v. Mathias, 197 Ala. 457, 73 So. 92; Plummer v. Hardison, 6 Ala.App. 525, 60 So. 502; Rhodes v. McWilson, 192 Ala. 675, 69 So. 69; Ward v. Forbus, 213 Ala. 306, 104 So. 765; B. F. Goodrich Co. v. Hughes, 239 Ala. 373, 194 So. 842. Nor need such damages be specifically described in the pleading. Sparks v. McCreary, 156 Ala. 382, 47 So. 332, 22 L.R.A.,N.S., 1224; Black v. Hankins, 6 Ala.App. 512, 60 So. 441.

No transcription of the evidence being in this record, we cannot assume on this review that there was no evidence justifying the imposition of punitive damages under the trespass and trover counts. This being so, we are not authorized, under the state of the record, to say that the charge, as it existed before the attempted correction, was anything more than misleading because of vagueness.

Even so, the charge must be taken as a whole. After the exception was interposed the court instructed the jury that the plaintiff "could only get the amounts he had in the cars." This statement must be related to the exception interposed, that is the "automobile count." Thus the court

did, in response to the exception, attempt to limit the damages in the trespass and trover counts to the plaintiff's interests in the automobiles.

 As corrected the charge was yet misleading because of its generality. It was not however positively erroneous. This being so, it was the duty of appellant to request explanatory charge correcting the deficiency. See 2 Alabama Digest, Appeal and Error, ☞216(1) (2) and (3). No explanatory charges were requested. This case is therefore due to be affirmed.

Affirmed.