82 So.2d 227

**W. W. SWEDENBURG**

v.

**H. L. COPELAND et al.**

**6 Div. 862.**

Supreme Court of Alabama.

Aug. 18, 1955.

H. T. Carter, Columbus, Miss., and John H. Curry, Carrollton, for appellant.

B. G. Robison, Jr., Carrollton and W. A. Davis, Aliceville, for appellees.

PER CURIAM.

This suit was brought by the buyers (plaintiffs) against the seller (defendant) because of the breach of a contract for the sale of one hundred and sixty-two bales of cotton at a fixed price. There were verdict and judgment for plaintiffs fixing their damages at $1,620. The appeal is by defendant.

There was no controversy as to the validity and effect of a contract to sell the cotton at forty-one cents a pound being made and signed by defendant (appellant) at about 10:00 or 10:30 on the morning of November 9, 1951, after plaintiffs, earlier that morning, had obtained an option from defendant to sell them the cotton at the price stipulated, provided they exercised it by 12:00 o'clock noon of that day. After obtaining the option plaintiffs negotiated a sale of the cotton at forty-three and one-half cents a pound, or at a profit of $12.50 a standard bale of 500 pounds. Plaintiffs then returned to defendant and accepted the option agreeing to purchase the cotton, and wrote a memorandum contract for him to sign, which he did. It was not signed by plaintiffs. This contract stipulated that payment was to be made "by check on the Bank of Reform, Reform, Alabama," specifying no time in which to do so. Defendant contended that payment was to be made at the bank and that he went to the Bank of Reform at 3:00 o'-clock that afternoon and there was no money or check for him.

Appellees claim they had made arrangements with their purchaser, Langdon, for a check payable to appellant covering the purchase price of the cotton at forty-one cents a pound in full payment as stipulated; also they had applied for a loan from the bank at Reform for the necessary amount which was approved; that Langdon

had negotiated a sale of the cotton to Rice Brothers and they had agreed to give a check to appellant in an amount necessary to carry out the contract. Appellees claim they were prepared to get a check to appellant at the time of the writing of the contract at 10:00 or 10:30 that morning, but that appellant first wanted some figuring done with his tenants and had Atkins, one of the appellees, to do the figuring while the other appellee, Copeland, was called to Tuscaloosa on other business. Copeland returned about 4:00 o'clock that afternoon, but had difficulty locating appellant as he was not on the farm at Ethelville, so Copeland went to his home at Columbus, Mississippi, but he was not there. Copeland then made another unsuccessful trip to the farm. About 6:30 or 7:00 P. M. Copeland went back to appellant's home and found him, at which time he told defendant he was ready to deliver the check of Langdon or Rice Brothers on the Bank of Reform, which defendant refused, saying: "Even if you paid me $5,000 extra I wouldn't sell it to you and no son-of-a-bitch is going to make that much off of me." There was no objection made as to the nature of the check which was then proposed, but defendant refused to proceed with the sale.

We shall not undertake to analyze each assignment of error in the light of appellant's brief with respect to it. As to many of them the brief is barely more than a repetition of what is shown by the record. However, there are some principles of law sought to be applied in appellant's brief to which we shall refer. The various counts allege that defendant refused to sell and deliver said cotton, and either that plaintiffs had complied with all the provisions of the contract or that they were ready, able, willing and offered to do so. Several of the counts make a general claim of $3,000 damages for a breach of the contract by defendant, but do not claim special damages. The last two counts also claim special damages in the loss of gains and profits which, it is alleged, would have accrued had defendant carried out his contract. The special claim for damages is not otherwise specific. There was no motion to expunge for insufficient averment. West-

ern Union Tel. Co. v. Favish, 196 Ala. 4 (10), 71 So. 183; Central of Georgia R. Co. v. Ashley, 159 Ala. 145(6), 48 So. 981.

It is first insisted by appellant that those counts which do not make claim for special damages are subject to the demurrer interposed to them on that account. But that contention is not well supported. In general, the rule in that connection is that a complaint is good without the averment of special damages when the law implies nominal damages for the default complained of, but this does not authorize proof of "special damage". Donnell v. Jones, 13 Ala. 490; Norton v. Kumpe, 121 Ala. 446, 25 So. 841; Lambert v. Jefferson, 251 Ala. 5, 36 So.2d 594(6). A general claim of damages opens the way to prove and sustain "general damages" without being limited to nominal damages. General damages are such as naturally and necessarily flow from the wrongful act, while "special damages" are such as naturally, but not necessarily, flow from it. Lambert v. Jefferson, supra; Waters v. Weintraub, 255 Ala. 530(4–5), 52 So.2d 510; Code, Title 57, section 73.

When a vendor has failed or refused to deliver goods sold to the purchaser the measure of damages for the breach, if the price has not been paid, is the difference between the contract price and the market price at the time and place of delivery with interest. This is general damages. But if there are special circumstances under which the contract is made and they are communicated to the opposite party, the damages proximately resulting from those special circumstances would be special damages. Bell v. Reynolds, 78 Ala. 511; McFadden v. Henderson, 128 Ala. 221, 29 So. 640; Henderson v. McFadden, 5 Cir., 112 F. 389; Cortner v. Anderson, Clayton & Co., 225 Ala. 575, 144 So. 443.

In this case plaintiffs' contention on the trial, apparently as here, was that the measure of damages is the difference between the contract price and the market price at the time and place of the breach. The jury could find from the evidence that such difference was about two and one-half

cents a pound. In awarding damages to plaintiffs the jury did not allow more than two cents a pound difference. Appellant has no cause to complain in that respect.

Appellant contends in substance that appellees did not comply with their part of the contract, and did not offer to do so in the manner provided in the contract. Duffey v. Southern Mfg. Co., 207 Ala. 369, 92 So. 545. But there is evidence that on the same day the contract was made plaintiffs offered to deliver to defendant a check on the Bank of Reform for the full amount of the contract price of the cotton, and defendant refused it not because the check would not be good but because defendant had gone to the Bank of Reform on that day and did not find the money or check waiting for him.

The contract sued on was not signed by plaintiffs. The obligation of plaintiffs could be and was proven by parol in connection with the statement in writing signed by defendant. Vandegrift v. Abbott, 75 Ala. 487(3); Woodall v. Malone-Harrison Motor Co., 219 Ala. 366, 122 So. 357. That statement was that payment was to be made "by check on the Bank of Reform, Reform, Alabama", with no time specified. Defendant testified that Copeland told him "to deliver the receipts to the Reform Bank and get my money. I was to deliver the receipts to the Reform Bank, Reform, Alabama". (He does not say when he was to do that.) Mr. Atkins figured the amount to be $32,009 after taking off the ginning and warehouse charges. That appellant took the receipts to the Bank of Reform about 3:00 o'clock that afternoon (November 9, 1951), and was informed that there was no check or money there for him. Thereupon he told the president of the bank to tell Mr. Copeland, if he returned, that the deal was off, that he did not sell on credit. He came back and told Mr. Atkins to tell Copeland the deal was off. Copeland denied he was to have the money or check at the Bank of Reform by 3:00 that afternoon; but

testified he was ready at the time the contract was signed or within twenty minutes thereafter to deliver a check on the Bank of Reform to appellant as stipulated. Further activity by plaintiffs was not necessary in view of the declaration by defendant that the deal was off. 17 C.J.S., Contracts, § 481, p. 986. Moreover, plaintiffs had such a reasonable time as was justified by the circumstances in which to get the check ready and offer to deliver it. McFadden v. Henderson, supra. Whether they were ready, able, willing and offered to deliver a good check on the Bank of Reform for a delivery of the cotton within such time as was contemplated by the parties when the contract was made, and thereby perform their duty under the contract was a question for the jury. Henderson v. McFadden, 5 Cir., 112 F. 389. The verdict of the jury which sustained plaintiffs' version of the transaction was not without substantial and sufficient support from the evidence. Therefore, the motion for a new trial on that ground was overruled without error.

There was not sufficient argument made with respect to the refused charges. Alsup v. Southern Mfg. Co., 248 Ala. 405, 27 So.2d 781; Morgan v. Cherokee County Board of Education, 257 Ala. 201, 58 So.2d 134. Moreover, each charge is subversive of some legal requirement or improperly expressed.

We have examined all the assignments of error and the brief with respect to them and find no reversible error. The judgment of the trial court should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LAWSON, SIMPSON, GOODWYN, MERRILL and MAYFIELD, JJ., concur.