84 So.2d 358

**Fred E. ROAN**

v.

**Dale H. McCALEB.**

**1 Div. 630.**

Supreme Court of Alabama.

Nov. 28, 1955.

Rehearing Denied Jan. 12, 1956.

M. A. Marsal, Mobile, for appellee.

Bart B. Chamberlain, Jr., Mobile, for appellant.

## PER CURIAM.

Appellee (plaintiff) recovered a judgment for $1,500, in trover, against appellant (defendant) for the conversion of a Ford automobile. The highest value of the Ford at the time of the conversion, or thercafter up to the time of trial as shown by some of the evidence, was $450.

The count in trover made no allegation of aggravating circumstances nor did it expressly claim exemplary or punitive damages. But it is apparent that the jury included an amount for punitive damages since no phase of the evidence justified

an award of $1,500 for compensation. There was no claim for special compensatory damages. Swedenburg v. Copeland, Ala., 82 So.2d 227.[1] Punitive damages may be recovered in a trover suit the same as in trespass. Rhodes v. McWilson, 192 Ala. 675(7), 69 So. 69; Howton v. Mathias, 197 Ala. 457, 73 So. 92; Standard Oil Co. v. Davis, 208 Ala. 565(8), 94 So. 754; Brothers v. Brothers, 208 Ala. 258(2), 94 So. 175; B. F. Goodrich v. Hughes, 239 Ala. 373(11), 194 So. 842; Roberson Motors v. Heath, 36 Ala.App. 578, 60 So.2d 862. The aggravating circumstances to justify punitive damages need not be alleged in the complaint. Brothers v. Brothers, supra; Sparks v. McCreary, 156 Ala. 382, 47 So. 332, 22 L.R.A.,N.S., 1224; Roberson Motors v. Heath, supra.

The defendant was sued personally, not the corporation of which he was president, which was the Toulminville Motors; and he was probably acting for that corporation. Plaintiff's contention is that he carried his Ford automobile to a used car lot and had a negotiation with defendant, without any particular reference to the corporation. Further, that defendant made him an offer for the exchange of the Ford for a used Chevrolet and the payment of $995 by the plaintiff, thereby allowing him a credit of $300 for the Ford. Further, that plaintiff proposed to take the Chevrolet with him over night and try it out and report the next day, but that no trade was made; that defendant told him to sign a paper, which he did not read, so as to have the Chevrolet covered by insurance while in plaintiff's possession. That paper proved to be a printed form of a conditional sale contract with blanks not filled in, and the blanks have never been filled in. That the next morning plaintiff went back to the used car lot and told defendant he had decided not to trade on account of certain defects he found in the Chevrolet. In the meantime the Ford had been sold and disposed of. There was evidence that defendant admitted participating in making that sale. There was also evidence of sharp language used by defendant to plaintiff.

Defendant testified there was a firm trade. So that contention became an issue for the jury. When the jury found for plaintiff that contention was settled for that trial. That was in effect a finding that defendant had not traded for the Ford and had no right to dispose of it. If he participated in doing so he converted it, and became subject to the trover action although he may have been acting for the corporation. Finnell v. Pitts, 222 Ala. 290 (5), 132 So. 2; Meyerson v. New Idea Hoisery Co., 217 Ala. 153(9), 115 So. 94, 55 A.L.R. 1231; 3 C.J.S., Agency, § 221, p. 131, note 93.

If the conversion was committed in known violation of the law and of plaintiff's rights with circumstances of insult, or contumely, or malice, punitive damages were recoverable in the discretion of the jury. Rhodes v. McWilson, supra; Ex parte Birmingham Realty Co., 183 Ala. 444, 63 So. 67.

The evidence further shows that two weeks after the conversion defendant reacquired plaintiff's Ford and offered to return it. Acceptance was refused because plaintiff claimed the Ford was not in the same condition as when left with defendant, but had been damaged. Of course, if the Ford had been accepted by plaintiff that would have been proper matter in mitigation of his damages, King v. Franklin, 132 Ala. 559, 31 So. 467; 89 C.J.S., Trover and Conversion, § 187, p. 653; and defendant's offer to return the Ford, though not accepted by plaintiff, could be considered by the jury in mitigation of punitive damages. Harden v. Conwell, 205 Ala. 191, 87 So. 673; 89 C.J.S., Trover and Conversion, § 199, p. 661, note 14, also §§ 180–187, pages 652–653.

There are only two rulings of the court which are assigned as error—numbers 3 and 4. No. 3 is for not giving the

**34**

requested affirmative charge for defendant. While No. 4 is for not granting the motion for a new trial. We have demonstrated the absence of error in refusing the affirmative charge.

The assignment of error based upon a denial of the motion for a new trial brings up all questions of law and fact sufficiently set forth in the motion and argued on the appeal. Cobb v. Malone, 92 Ala. 630(2), 9 So. 738; Suits v. Glover, 260 Ala. 449, 71 So.2d 49, 43 A.L.R.2d 465.

The argument is to the effect that the verdict is contrary to the great weight of the evidence and, in the alternative, that the verdict is excessive.

With respect to the argument that the verdict is contrary to the great weight of the evidence, it is sufficient to say that there was substantial evidence which supports the verdict, and its credibility was for the jury. The trial court in denying the motion for a new trial was not willing to set aside the verdict. We should not do so under the circumstances here shown.

With respect to the amount of the verdict, we have observed that it evidently included punitive damages. This Court in consultation has considered the question of whether the amount is excessive and has concluded not to require a reduction of it.

The judgment should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and MAYFIELD, JJ., concur.