KENNEDY, Justice.
Oscar Holland Rogers III filed an action alleging both intentional interference with contractual relations and outrage against William 0. Nall, Harvey J. Bowman, and Bobbie Jean Bowman. The trial court entered a partial summary judgment on those claims, denying Rogers’s claims for punitive damages, and made that judgment fi *272 nal pursuant to Rule 54(b), A.R.Civ.P. Rogers appeals.
On December 15,1985, Bobbie Jean Bowman entered into a sales contract with Oscar Holland Rogers, Jr., the plaintiffs father, for the sale of 47 video games to Rogers Jr.’s company, American Music Company. That contract required that Rogers Jr. pay Bowman $16,000 in monthly installments of $670, with the first payment due on January 1, 1986. The record indicates that no payment was ever made. Apparently Rogers Jr. stored the video games at Rogers Ill’s business, All-State Equipment Sales. On June 26, 1986, Rogers III was conducting a public auction at All-State Equipment Sales. The defendants, contending that they had a temporary restraining order preventing the sale of certain goods at the auction, entered the room where the auction was being held; they stopped the auction immediately, with all previous sales being canceled.
Oscar Holland Rogers III filed his action on July 15, 1986, and, thus, it is governed by the scintilla evidence rule. See, Ala.Code 1975, § 12-21-12. Rogers specifically alleges that the defendants tor-tiously interfered with the contracts of sale he had made during the auction. In Gross v. Lowder Realty Better Homes & Gardens, 494 So.2d 590 (Ala.1986), we described the tort of interference with contractual relations and we noted that punitive damages are recoverable in an action based on that tort if a defendant acts willfully, maliciously, or spitefully. Gross, at 597, citing Sparks v. McCreary, 156 Ala. 382, 47 So. 382 (1908). Accordingly, the issue to be decided is whether Rogers offered a scintilla of evidence that the defendants acted in such a manner.
To support his contention that the defendants acted willfully, maliciously, or spitefully, Rogers argues that the defendants waited until June 26, 1986, before acting to protect their security, although the contract had been breached on January 1, 1986; that the defendants had notice that he might have the machines, because he had witnessed and signed the contract for their purchase; that the defendants had notice of the auction and of what would be auctioned off; that no video games were for sale at the auction and that the defendants knew that but, nevertheless, interfered with the auction. Rogers argues that the defendants could have taken other measures to protect their rights besides interfering with the auction: for example, Rogers argues, the defendants could have waited to see if any of the video games were going to be auctioned off before interrupting the sale and could have gone to the site of the auction during the “open inspection days” and determined that the video games were not for sale. Instead, Rogers argues, they chose not to do any of these things, but, rather, to interrupt the sale as it was going on.
When reviewing a summary judgment, this Court must view the evidence in the light most favorable to the nonmoving party, here Mr. Rogers. Hightower & Co. v. United States Fidelity & Guaranty Co., 527 So.2d 698, 701 (Ala.1988). As regards Rogers’s claim of intentional interference with contractual relations, there was a scintilla of evidence supporting the contention that the defendants acted willfully, maliciously, or spitefully. As regards Rogers’s claim for outrage, the trial court did not err. Accordingly, the judgment is due to be affirmed in part and reversed in part, and the cause is due to be remanded.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES, HOUSTON, STEAGALL and INGRAM, JJ., concur.