**A. E. WOOD, Appellant,**

v.

**CITRONELLE–MOBILE GATHERING SYSTEM COMPANY, Ltd., et al.,**
**Appellees.**

**No. 22813.**

United States Court of Appeals
Fifth Circuit.

June 17, 1966.

J. Edward Thornton, Mobile, Ala., for appellant, Thornton & McGowin, Mobile, Ala., of counsel.

Sam W. Pipes, III, Irwin W. Coleman, Jr., Raymond A. Corcoran, Mobile, Ala., for appellees, Lyons, Pipes & Cook, Mobile, Ala., of counsel.

Before TUTTLE, Chief Judge, BELL, Circuit Judge, and KILKENNY, District Judge.*

TUTTLE, Chief Judge:

The plaintiff in the trial court here appeals from a dismissal of his complaint by an order in the following terms:

"It appearing to the court that the Circuit Court of Mobile County, Alabama, has jurisdiction over this matter and, therefore, the case is hereby dismissed and costs are taxed against the plaintiff."

The question before this court, therefore, is merely whether the trial court erred in ordering a dismissal on the grounds stated. If such a course of action was error, then the proper course is for us to reverse in order that the trial court may then pass on all of the other

---

* Of the District of Oregon, sitting by designation.

motions and contentions of the parties rather than for us to ascertain on the record before us what the ultimate rights of the parties may be.

The complaint which was dismissed was very short. It alleged the necessary jurisdictional facts as to residence, the plaintiff being a citizen of the state of Mississippi, and the defendant being a resident of the state of Alabama. It alleged that the matter in controversy exceeded, exclusive of interest and costs, the sum of $10,000. It then contained two counts claiming the value or proceeds of oil taken from land owned by Wood and sold by defendant. The first count, contained in paragraph two, alleged that, "Beginning on or about the 1st day of January, 1963, and continuing through the 31st day of January, 1965, defendants converted to their own use crude oil of the value of, to-wit, 1,000 Dollars, the property of the plaintiff, for which plaintiff demands judgment together with punitive damages in the sum of $100,000."

The second count, contained in paragraph three, alleged that defendant owed plaintiff the sum of $1,000 for money had and received from the first day of January 1963 through the 31st day of January, 1965, and then alleged, "because the refusal of defendants to pay plaintiff is wilful, intentional, wrongful and malicious," plaintiff demanded punitive damages in the sum of $100,000.

The plaintiff immediately filed interrogatories and also filed a request for admissions. Defendants responded by filing objections to interrogatories and objections to request for admissions, and also filed a motion to dismiss. The motion to dismiss was on the ground that the complaint failed to state a claim upon which relief could be granted; on the ground that the court lacked jurisdiction because the amount actually in controversy was less than $10,000, exclusive of interest and costs, and finally on the ground that another action was alleged to be pending between the same parties and involving the same matters at the time the suit was filed.

This defensive pleading included, as an exhibit, a copy of the pending matter in the Circuit Court of Mobile County, Alabama, the same being a bill of interpleader. This bill of interpleader asserted that Citronelle-Mobile Gathering System Company, Ltd., was a limited partnership. It named as defendants 46 different persons, it being explained on oral argument that the defendants thus named were all the persons in the chain of title under which appellant Wood claims ownership from the original grant to date. It alleged in effect that the land as to which Wood claims ownership had been force integrated as a drilling unit in the Citronelle oil field in the state of Alabama, and that a producing well had been brought in on the unit. It thus alleged that Citronelle was producing oil, a part of the proceeds from which belonged to the true owner of this tract of land. It alleged that Wood had sued in conversion and for money had and received, and had recovered a judgment in the amount of $446.49, representing oil runs up to October, 1962, with interest of $11.95. It alleged that in addition to said sum the complainant had the sum of $658.45, "which said sum is the full amount due to the owners of the oil allocable to the lands described * * * from the date of the first runs up through the 1st day of May, 1964." It paid into the court the said sum and prayed that it be allowed to pay into the registry of the court each month the amount of money, if any allocable to the parcel of land described for oil produced by the unit of which said lands are a part.

In the interpleader action the complainant alleged, "that the respondents claim or may claim some right, title or interest in or to said minerals, or some line or encumbrance thereon." It also alleged, "that it has heretofore been subjected to a suit at law by one of the respondents, to wit, A. E. Wood, claiming monies of the defendant for oil produced and allocable to the land herein described for the period up to October 7, 1961; that the complainant is threaten-

ed with other and additional lawsuits for oil produced after October 7, 1961, and will be threatened with said suits in the future." The bill of interpleader made no more specific allegation as to any claim asserted by any person other than A. E. Wood than has just been described.

In the bill of interpleader it was asserted that A. E. Wood was a resident of Jackson, Mississippi, and it was prayed that service be had on Wood and all of the other non-resident respondents named in said bill by publication, under the laws of the state of Alabama. The record before us does not show whether legal service was had by publication. It was asserted in appellant Wood's brief in this court, and not controverted, that Wood had received no personal service and had no notice of the existence of such bill of interpleader until after he had filed the pending suit in the United States District Court. It is also asserted in his brief that he was not a resident of Jackson, Mississippi, but was, in fact, a resident of Clinton, Mississippi. It is alleged that he was actually served with process in the interpleader suit on March 24, 1965, although the interpleader suit was filed on June 17, 1964, and the present suit was filed in the United States Court on February 16, 1965.

We mention these matters that are outside the record merely to make plain what possible controversies may exist between the parties that may or may not be adequately comprehended within the suit now pending in the Circuit Court in Alabama.

The trial court did not pass on the attack by the appellees of the want of jurisdictional amounts. It seems to be conceded that punitive damages may be alleged with respect to a suit for conversion. Roan v. McCaleb, 264 Ala. 31, 33, 84 So.2d 358. This is not contested by the appellees. The latter contend only that punitive damages may not be recovered as for breach of contract, and thus may not be recovered under the claim for money had and received. Appellant claims that under the circumstances alleged here punitive damages may be recoverable even on the contract count. The trial court did not pass on the contention that no claim was asserted upon which relief could be granted. Obviously such a contention would be frivolous in light of the allegations in the complaint.

Thus, the only question is as to the correctness of the trial court's decision that the pendency of the interpleader action filed in the Alabama court, paying into court the amounts asserted by the complainant in that action to be due to the owner of the property involved at the time of filing, is either a bar to the federal court suit or raises a proper basis for the United States Court to dismiss the complaint on the theory of abstention. We conclude that it neither requires nor permits such an order by the trial court.

As appears from the motion for dismissal filed by the appellees, there had been payments made to Wood by Citronelle under a judgment for conversion and for money had and received for oil runs up to October, 1962, together with interest; that there had been no payment from that date down to the first day of May, 1964; that Citronelle sought, on that date or shortly thereafter, to pay the sum of $658.45, which it contended was the amount due, into court on the simple allegation that it "was uncertain as to who was entitled to the monies." This allegation was made without any explanation why Wood would not be entitled to it after he had successfully sued for similar amounts and obtained a judgment that was paid off by Citronelle.

It also appears from the pleadings before the United States court at the time of dismissal that the appellant Wood was insisting that there had been a wilful, intentional, wrongful and malicious refusal by Citronelle to pay the amounts that became due following the discharge of the earlier judgment. This contention was not at issue in the interpleader suit. Citronelle contends that the interpleader suit is an action in rem, or quasi in rem, and that the res was the sum of $658.45 paid into the registry of the

court. It is on this basis that Citronelle contends the right to bind non-resident Wood to the processes of the Alabama Circuit Court in the litigation pending before it. If it is, under the Alabama law, an action in rem (see H. C. Schrader, Co. v. A. Z. Bailey Grocery Co., 15 Ala.App. 647, 649, 74 So. 749, 750, aff'd Ex parte A. Z. Bailey Grocery Co., 201 Ala. 79, 80, 77 So. 373, 374), then nothing contained in the appellees' brief or stated in oral argument permits us to conclude that the Alabama court had before it the issue whether the failure by Citronelle to pay the amounts after discharging the first judgment in favor of Wood was wilful, intentional, wrongful and malicious, as charged, and, as claimed, would amount to a basis for punitive damages.

As illustrative of the nature of the claim that was presented to the United States Court that was not the part of any res present in the Alabama interpleader action there is the fact that regardless of the disposition of the sum deposited in the registry of the state court, this suit was for additional amounts, an issue that could not be adjudicated in the interpleader action. Moreover, appellant's brief discusses the theory of the plaintiff that the whole procedure adopted by Citronelle was a bad faith effort by it to join Wood and 45 other persons, none of whom, it is contended, had any claim or interest in the fund, and subjecting the fund to being charged with costs and attorneys' fees, whereas no proper basis existed for the filing of the interpleader action in the first place.

As stated by the Supreme Court of Alabama in Roan v. McCaleb, supra, "the aggravating circumstances to justify punitive damages need not be alleged in the complaint." Therefore, such of the facts outlined in appellant's brief as are susceptible of proof could be established by him in support of his claim for punitive damages in the case in the United States court, whereas they were not before the Circuit Court in the state of Alabama.

Moreover, appellant contends that the earlier judgment in favor of Wood, which is described in the motion to dismiss by Citronelle, is res adjudicata of the fact that Wood is entitled to the sums here sued for. This is a matter that should be inquired of by the United States court, for, if this is true under the laws of the state of Alabama, this would also be a basis for a contention by the plaintiff that the conduct by Citronelle in filing the interpleader suit was not in fact in good faith but was a part of a device to withhold the funds from the true owner. We, of course, pass on none of these issues. We point out merely that there were substantial issues before the District Court on the count for conversion and for punitive damages that should have been disposed of by that court.

The order of dismissal for the reason assigned by the trial court was error. The judgment is reversed and the case is remanded to the trial court for further proceedings not inconsistent with this opinion.