**A. E. WOOD, Appellant,**

v.

**CITRONELLE–MOBILE GATHERING SYSTEM COMPANY, Ltd., et al., Appellees.**

No. 25676.

United States Court of Appeals
Fifth Circuit.

Dec. 4, 1968.

Rehearing Denied Feb. 12, 1969.

Rehearing En Banc Denied
April 21, 1969.

8. Carey v. Settle, supra. 351 F.2d, at p. 485.

J. Edward Thornton, Mobile, Ala., for appellant; Thornton & McGowin, Mobile, Ala., of counsel.

Irwin W. Coleman, Jr., Sam W. Pipes, III, Mobile, Ala., for appellees; Lyons Pipes & Cook, Mobile, Ala., of counsel.

Before JOHN R. BROWN, Chief Judge, and RIVES and McENTEE *, Circuit Judges.

PER CURIAM:

■ Jurisdiction is, of course, our first consideration. Appellate jurisdiction exists since the appeal is from a final judgment of the district court. 28 U.S.C. § 1291. Jurisdiction of the district court was asserted on the ground of diversity of citizenship, which requires that the matter in controversy exceed the sum or value of $10,000.00 exclusive of interest and costs. 28 U.S.C. § 1332.

■ The complaint sought the recovery of one thousand dollars ($1,000.00) in actual damages and one hundred thousand dollars ($100,000.00) in punitive damages on two different and alternative theories: (1) conversion by the defendants to their own use of crude oil of the value of $1,000.00, the property of the plaintiff; or (2) "willful, intentional, wrongful and malicious" refusal of the defendants to pay plaintiff $1,000.00 in money which defendants owed plaintiff. The actual damages claimed are not sufficient to confer jurisdiction. The claim of punitive damages is sufficient, unless it is apparent to a legal certainty that punitive damages in an amount sufficient to confer jurisdiction could not be recovered. Bell v. Preferred Life Assur. Society, 1943, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15.

■■ Under the first theory sounding in tort for trover or conversion, punitive damages are legally permissible if the conversion can be established. Roan v. McCaleb, 1955, 264 Ala. 31, 84 So.2d 358, 359; Wood v. Citronelle-Mobile Gathering System Co., 5 Cir., 1966, 362 F.2d 354. The difficulty under this theory is that in an interpleader suit between the same parties the Supreme Court of Alabama has held that the plaintiff Wood's claim as to the oil under his small lot (.27 of an acre) was part of a 40-acre tract in a unit operations and that Wood is entitled to his pro rata share of the net proceeds from the pool, rather than to the oil itself. Wood v. Citronelle-Mobile Gathering System Co., 1966, 279 Ala. 662, 189 So. 2d 346.[1] That determination is, of course, binding in this case by collateral estoppel. Ballard v. First National Bank of Birmingham, 5 Cir. 1958, 259 F.2d 681, 684. Thus no conversion is possible.

■ The second theory based on refusal to pay a debt sounds in contract, and under the law of Alabama the motive or intent of the debtor is not material. Western Union Telegraph Company v. Rowell, 1907, 153 Ala. 295, 45 So. 73, 78. In Alabama, as generally elsewhere,[2] punitive damages are not recoverable for breach of contract. Western Union Telegraph Company v. Rowell, supra; Western Union Telegraph Company v. Benson, 1909, 159 Ala. 254, 48 So. 712, 719; Treadwell Ford, Inc. v. Leek, 1961, 272 Ala. 544, 133 So.2d 24, 25.

■■ It appears therefore that under neither of the plaintiff's theories is the recovery of punitive damages possible, and that the amount actually in controversy is less than the jurisdictional amount. The defendants' motion to dismiss for lack of jurisdiction should have been sustained. The allegation of jurisdictional amount having been traversed by that motion, the burden of establishing the requisite amount was upon the plaintiff. McNutt v. General Motors Acceptance Corp., 1936, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135; Barron & Holtzoff, Federal Practice & Procedure (Wright ed.) § 24, p. 107 n. 50.2.

---

* Of the First Circuit, sitting by designation.

1. That decision was rendered one day before this Court's decision in Wood v. Citronelle-Mobile Gathering System Co., supra, but too late to be considered by this Court in preparing its opinion and decision.

2. See, A.L.I. Restatement of Contracts § 342; 25 C.J.S. Damages § 120; 5 Corbin on Contracts § 1077.

It does not matter that, before either of the two reported decisions in this case, the plaintiff had recovered a judgment against the defendants in trover or conversion for $446.49, which the defendants had paid without appealing. In answer to the contention that that judgment was res judicata of the interpleader suit, the Alabama Supreme Court said:

> "The answer to this contention is that the interpleader action involves different parties, different money, different oil and different issues. The previous action at law was in trover. To support the action of trover the plaintiff must have, at the time of the conversion, the right of property, general or special, and possession or the immediate right of possession. These rights must concur in the plaintiff at the time of the conversion, or the action will not lie. Jordan v. Henderson, 258 Ala. 419, 63 So.2d 379, and cases there cited. In this action of interpleader, *ownership* of the oil was a vital issue."

Wood v. Citronelle-Mobile Gathering System Co., supra, 189 So.2d at 348–349.

It was there authoritatively held, in effect, that Wood's claim was to his pro rata share of the money and that he neither owned unqualifiedly or possessed any part of the pool of oil nor had the immediate right to its possession. The holding in the earlier trover action as to a previous lot of oil drawn from that pool was erroneous (unless there were different facts), and the error does not have to be repeated.

 Instead of directing a verdict for the defendants, the district court should have dismissed the action for want of jurisdiction. The judgment is therefore reversed and the cause remanded with directions to dismiss the action for want of jurisdiction. Costs of appeal are taxed against the appellant.

Reversed and remanded with directions.

## ON PETITION FOR REHEARING

The motion to substitute James P. Wood as Administrator for A. E. Wood, deceased Appellant, is granted.

There is no substance in the contention that this Court has reversed or overruled its earlier decision reported in 362 F.2d 354. There it was held that the pendency of an interpleader action in a state court did not require or permit dismissal of the diversity action in federal court. The present holding is that the federal district court lacked jurisdiction because the matter in controversy did not exceed $10,000.00.

The actual damages sought to be recovered were only $1,000.00. The petitioner does not contest our holding that punitive damages are not recoverable for breach of contract whatever may be the motive or intent of the debtor. His argument is that it is possible for the claim to be established that the defendants converted to their own use crude oil of the value of $1,000.00, the property of the plaintiff, and that punitive damages may be recovered because of that conversion.

In the interpleader action the Supreme Court of Alabama had held that the right of ownership of the oil, general or special, and possession or the immediate right of possession "must concur in the plaintiff at the time of the conversion, or the action will not lie." Wood v. Citronelle-Mobile Gathering System Co., 1966, 279 Ala. 662, 189 So.2d 346, 348–349. The same case had further held that, under unit operation, "the owner of the oil interest shall receive his pro rata share of the proceeds from the pool and bear his pro rata share of the expenses of production." 189 So.2d at 347. The oil under Wood's .27 acre had been mixed with oil under the remaining 40 acre unit and Wood was entitled only to his pro rata share of the net proceeds from the pool. No material change occurs because of Wood's right to provide storage facilities and to elect to receive oil in kind at the well head. No claim has ever been made that such an unlikely event occurred.

Unless and until it did, and Wood had actual possession or the right of possession of a specific part of the fungible pool of oil, the action of trover or conversion would not lie. In short, Wood failed to sustain his burden of establishing that the matter in controversy exceeds the sum or value of $10,000.00. The petition for rehearing is therefore denied.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

The Supplemental Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.