**The STRODE PUBLISHERS, INC., an Alabama Corporation, Plaintiff-Appellant,**

v.

**Lou HOLTZ and Wally Hall, Defendants-Appellees.**

No. 81–7237.

United States Court of Appeals, Eleventh Circuit.

Jan. 7, 1982.

---

Bell, Richardson & Herrington, Patrick W. Richardson and James H. Richardson, Huntsville, Ala., for plaintiff-appellant.

Jones & Segers, Joseph William Segers, Jr., Fayetteville, Ark., for defendants-appellees.

Before TUTTLE, HENDERSON and HATCHETT, Circuit Judges.

TUTTLE, Circuit Judge:

This is an expedited appeal, by order of this Court, submitted without oral argument. It is an appeal of an interlocutory order under the provisions of 28 U.S.C. § 1292(b) as to which the trial court made the appropriate order.

The appeal attacks the order of the trial court dismissing a complaint by The Strode Publishers, Inc. against Holtz and Hall, on the ground that at the time of the filing of such complaint there was then pending an action between the same parties in the state courts of the state of Arkansas. The court's order was as follows:

> It is hereby ordered, adjudged and decreed by the Court for reasons of comity, out of proper respect for state functions, and in accordance with the teachings of *Younger v. Harris*, 401 U.S. 37 [91 S.Ct. 746, 27 L.Ed.2d 669] (1971) and its proge-

ny (*e. g. Juidice v. Vail*, 430 U.S. 327 [97 S.Ct. 1211, 51 L.Ed.2d 376] (1977)), that defendant's Holtz' motion to dismiss be granted.

The action pending in the Arkansas State Court was brought by Holtz against the publishers on the ground, as alleged, that Holtz had authorized the writing by Hall and publication by Strode of a partial biography. It was alleged that instead of dealing with that part of Holtz' life which was supposed to be covered, the book failed to meet those requirements. Holtz, therefore, sought a temporary restraining order and permanent injunction against the publication of the book. The Arkansas trial court granted a temporary restraining order, which has subsequently been continued against Strode. Apparently no final judgment has been entered in that litigation.

Thereafter, upon obtaining service against Holtz and Hall within the Northern District of Alabama, the complaint in the present action was filed by Strode Publishers, Inc. This complaint reads quite differently from that which is pending in the state of Arkansas. It, in effect, alleges what might be termed a malicious abuse of process by Holtz and Hall, but it also asks for an injunction requiring the two defendants to continue with their cooperation in the publication of the book.

Holtz filed a motion to dismiss the federal court action solely on the ground that the pendency of the case in Arkansas, as to which Strode might have caused removal to the United States District Court in that state, amounted to an attempt "to remove this cause to the Federal District Court through the back door rather than doing it properly pursuant to 28 U.S.C. § 1446, *et seq.* (the removal statute).

While the federal complaint appears to include, if not to consist principally of, a tort claim against the Arkansas plaintiffs, we will assume that the subject matter of the two actions is the same, that is the rights as between the parties to have the publication of the Holtz book go forward in accordance with a purported contract between the parties. There is here simply a

typical case of suits pending between the same parties in two separate jurisdictions.

■ The general rule has been stated by us several times. In *Wood v. Citronelle-Mobile Gathering System Co.*, 362 F.2d 354 (5th Cir. 1966), this Court said:

Thus, the only question is as to the correctness of the trial court's decision that the pendency of the interpleader action filed in the Alabama court, paying into court the amounts asserted by the complainant in that action to be due to the owner of the property involved at the time of filing, is either a bar to the federal court suit or raises a proper basis for the United States Court to dismiss the complaint on the theory of abstention. We conclude that it neither requires nor permits such an order by the trial court.

362 F.2d at 356.

Then in *Carr v. Grace*, 516 F.2d 502 (5th Cir. 1975), this Court said:

It seems clear that a federal court may not abdicate its authority on the grounds that a similar action is pending in a state court. *Donovan v. Dallas*, 1963, 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409; *Meredith v. Winter Haven*, 1943, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9; *Ermentrout v. Commonwealth Oil Co.*, 5 Cir. 1955, 220 F.2d 527. . . .

516 F.2d at 503.

The state of the law prior to the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); and *Juidice v. Vail*, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977) was stated in *Donovan v. City of Dallas*, 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964):

Early in the history of our country a general rule was established that state and federal courts would not interfere with or try to restrain each other's proceedings. That rule has continued substantially unchanged to this time. . . . It may be that a full hearing in an appropriate court would justify a finding that the state-court judgment in favor of Dallas in the first suit barred the issues raised in the second suit, a question as to which we express no opinion. But plaintiffs in the second suit chose to file that case in the federal court. They had a right to do this, a right which is theirs by reason of congressional enactment passed pursuant to congressional policy. And whether or not a plea of res judicata in the second suit would be good is a question for the federal court to decide.

377 U.S. at 412, 84 S.Ct. at 1582.

■ We find nothing in the three cases, *Younger* and its progeny, that would change this rule with respect to the mere pendency of action in a state court at the time a similar action is filed in the federal court. These three cases deal with efforts by state court defendants to interfere with the pursuit by state court officials of their duties under state law, based on the contention that the state action is somehow unconstitutional under the federal Constitution. Nothing of the sort is present in this case. There is nothing, therefore, on the record before the trial court that would warrant the United States Court's abstention under the principles announced as recently by the Supreme Court as in *Colorado River Water Conservation District, et al. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976):

Abstention from the exercise of federal jurisdiction is the exception, not the rule. "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest." *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188–189 [79 S.Ct. 1060, 1062–1063, 3 L.Ed.2d 1163] (1959).

424 U.S. at 813, 96 S.Ct. at 1244.

The Court then discussed several exceptions, none of which would conceivably be applicable to this case.

We do not now reach the question whether the complaint filed in the federal court alleges facts sufficient to withstand a motion to dismiss on other grounds nor do we decide whether a prior judgment in the state court would give the defendants in the federal court a defense of *res judicata*. We decide only that the existence of the state court action was not a sufficient basis for the court's judgment dismissing the case in the federal court.

The judgment is REVERSED and the case is REMANDED for further proceedings not inconsistent with this opinion.

The mandate of the Court will issue forthwith.