**FLORIDA EAST COAST RAILWAY COMPANY, a Florida corporation and Seaboard Coast Line Railroad Company, a Virginia corporation, Plaintiffs,**

v.

**METROPOLITAN DADE COUNTY, Defendant.**

**No. 82–965–CIV–EPS.**

United States District Court, S. D. Florida.

May 14, 1982.

---

Arthur M. Simon and David C. Goodwin, Goodwin, Ryskamp, Welcher & Carrier, P. A., for plaintiffs.

Peter Tell, Asst. County Atty., for defendant.

## MEMORANDUM OPINION AND ORDER DISMISSING CAUSE ON GROUNDS OF ABSTENTION

SPELLMAN, District Judge.

THIS CAUSE came before the Court upon Plaintiff's Motion for Temporary Restraining Order and Motion for Preliminary Injunction. Having reviewed the record in this cause and being otherwise duly advised, the Court finds that abstention from exercising jurisdiction in this cause is proper.

Presented to the Court, in the words of the Plaintiff, is an ordinance "of Metropolitan Dade County [which] conflicts with the laws of the State of Florida." Complaint at 6. Specifically, Dade County has enacted Ordinances 82–56 and 82–18 which prohibit the sounding of train horns and whistles at designated railroad crossings during specific hours for the purpose of noise control in residential neighborhoods. Plaintiffs contend the local ordinance is in conflict with Florida Statute § 316.1575 which requires that the driver of a vehicle must stop at a railroad crossing if a train gives a signal within the specified distance at a clearly audible sound level.

The Court's focus in this cause is upon those "considerations of federalism [which] are at the heart of abstention". Wright, Miller & Cooper, § 4241 at p. 441. This doctrine concerns itself with the special problems inherent in the federal form of government. There are circumstances where jurisdiction may lie, but where on balance, this power should not be exercised in order to avoid conflict. The Supreme Court has held that there are certain cases where jurisdiction should not be exercised. The decision not to exercise jurisdiction has been based, at least in part, on considerations of federalism or comity.

The notion of "comity", that is a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways. This, perhaps for lack of a better and clearer way to describe it, is referred to by many as "Our Federalism", and one familiar with the profound debates that ushered our Federal Constitution into existence is bound to respect those who remain loyal to the ideals and dreams of "Our Federalism". The concept does not mean blind deference to "States' Rights" any more than it means centralization of control over every important issue in our National Government and its courts. The Framers rejected both these courses. What the concept does represent is a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States. It should never be

forgotten that this slogan, "Our Federalism", born in the early struggling days of our Union of States, occupies a highly important place in our Nation's history , and its future.

*Younger v. Harris*, 401 U.S. 37, 44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971). The Court recognizes that presented to us today is not a case of the *Younger* type of abstention [1], but rather what Professor Moore has characterized as the "predominant state interest exception" to the Court's obligation to exercise jurisdiction. *Moore's Federal Practice*, Vol. 1A, part 2, § 0.203[2].

The Fifth and Eleventh Circuits have denominated this predominant state interest exception to exercise of federal court jurisdiction as *Burford*-type abstention, *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) stating that:

> A court invoking *Burford*-type abstention essentially defers to a state's overriding interest in the matters sub judice and, concomitantly, to the superior competence of the state courts to adjudicate such matters.

*U. S. v. Mutchler*, 559 F.2d 955 (1977). The *Mutchler* case follows closely the principles enunciated by the Supreme Court in *Colorado River Water Conservation District, et al. v. U. S.*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976):

> Abstention from the exercise of federal jurisdiction is the exception, not the rule. "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest." *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188–189 [79 S.Ct. 1060, 1062–63, 3 L.Ed.2d 1163] (1959), *Colorado River*, supra, at 813, 96 S.Ct. at 1244.

In *Nasser v. City of Homewood*, 671 F.2d 432 (11th Cir. 1982) and *Strode Publishers, Inc. v. Holtz*, 665 F.2d 333 (11th Cir. 1982), the Circuit Court reviewed the abstention principles applicable in the Eleventh Circuit.

In *Nasser*, abstention by the district court was reversed as not meeting the *Burford* criteria. At issue in *Nasser* was the constitutionality of a zoning ordinance and the Court questioned:

> Whether *Burford* should be applied in challenging zoning ordinances on constitutional grounds [as] a question of first impression in this circuit. *Nasser* at 440.

Following the Ninth Circuit case of *IBEW, Local 1245 v. PSC*, 614 F.2d 206 (9th Cir. 1980), the *Nasser* Court refused to extend *Burford* abstention to zoning cases. We do not have a zoning ordinance at issue in the instant cause. The cause presented is further distinguishable from *Nasser* where there was no purported conflict between a local ordinance and a state statute as we have presented here.

In *Strode*, a Motion to Dismiss was granted by the district court based upon the pendency of the same action in the state court. The Circuit Court reversed finding that:

> The existence of the state court action was not a sufficient basis for the court's judgment dismissing the case in the federal court.

*Strode* at 336. Clearly, this is not analogous to the situation presently before this Court.

The Court finds this cause to present a question of state law, i.e. does the ordinance conflict with the statute and does the conflict clause of the ordinance, § (E), which states:

> The prohibitions of this ordinance shall not apply . . . if the act prohibited by this ordinance is mandated by state or federal law

---

1. *Younger* concerned a state criminal proceeding. The court held that there was a fundamental policy against federal intervention with state criminal proceedings.

exempt the railroad from its application and therefore present no case or controversy to this court. The forum for the proper resolution of this cause is in the Florida state court system.

For the above and foregoing reasons, it is hereby

ORDERED AND ADJUDGED that this cause is DISMISSED on grounds of abstention.