The appellants appeal from a decree affirming a master's report awarding damages to them based only on the cost to replace stucco plaster on existing exterior walls of their homes. We affirm.
During 1975, the appellants bought new homes from Friday, Inc. on dates ranging from July 3 to December 23. On December 12, 1978, they filed suit against appellees *Page 214 
alleging breach of implied warranty as to fitness, habitability, good workmanship and materials. The appellees answered the complaint by general denial, and later amended their answer by pleading the statutes of limitations of one year and three years. The trial judge referred the case to a special master. He dismissed, without consideration, all claims, other than those alleging defective stucco, because of their untimely filing. He found that due "to the gradual and latent nature of the defective stucco" those claims were timely filed. The case proceeded under the six-year statute of limitations on the stucco claims. The one-year statute was applied to all other claims.
At the conclusion of testimony, the master filed his report with the trial judge, finding that West should be awarded damages of $4,500.00, — Totty $8,500.00, and — Ford $8,500.00. (Awards were also made to two other homeowners who were parties to the suit at trial, but they are not parties to this appeal.) The awards were based on cost of repairs. The master, after excluding testimony of before and after value of the property, stated, "The correct measure of damages in this case would be the cost of repair or fixing or replacement, as far as the court is concerned."
The issues presented on appeal are: (1) whether there was error by excluding testimony of before and after value of the property to arrive at damages, and (2) whether punitive damages should have been awarded.
 (1)
The appellants contend that they should have been permitted to introduce their testimony of the value of their homes before the damage occurred, and the value after the damages to arrive at the award of damages, citing State v. Hastie, 333 So.2d 795
(Ala. 1976), and Shelby County v. Baker, 269 Ala. 111,110 So.2d 896 (1959). Those cases were condemnation proceedings. They are not applicable here where the alleged damages resulted from breach of contract or warranty. Damages recoverable for breach of contract are those that naturally and proximately result from the breach. Alabama Water Service Co. v. Wakefield,231 Ala. 113, 163 So. 626 (1935). That is, damages for breach of warranty or contract are awarded to put the party in the same position he would have occupied had the breach not occurred. Geohagan v. General Motors Corp., 291 Ala. 167,279 So.2d 436 (1973). On this issue — before/after value — the trial court is affirmed.
 (2)
This Court stated in Geohagan that punitive damages are not recoverable in a breach of warranty action. In that action the only questions are: was there a contract, was there a breach, and if so, what were the damages suffered by the buyer. Scottv. Holland, 132 Ala. 389, 31 So. 514 (1902).
The judgment of the trial court is affirmed.
AFFIRMED.
MADDOX, ALMON, EMBRY and ADAMS, JJ., concur.