Toby BOYD, Plaintiff-Appellee,

v.

HOMES OF LEGEND, INC., a corporation, Defendant-Appellant.

Daniel R. Foster, Sharon Foster, et al., Plaintiffs-Appellees,

v.

Homes of Legend, Inc., a corporation, Defendant-Appellant.

Kenneth M. Bass, Plaintiff-Appellee,

v.

Homes of Legend, Inc., a corporation, Defendant-Appellant.

Nos. 97-6833, 97-6834 and 97-6835.

United States Court of Appeals,

Eleventh Circuit.

Sept. 16, 1999.

Appeals from the United States District Court for the Middle District of Alabama. (Nos. CV-97-T-142-E, CV-97-T-152-N, CV-97-T-161-N), Myron H. Thompson, Judge.

Before TJOFLAT, Circuit Judge, and GODBOLD and HILL, Senior Circuit Judges.

TJOFLAT, Circuit Judge:

I.

In these three consolidated cases, *Boyd, Bass,* and *Foster,*[1] retail purchasers of mobile homes (from a mobile home dealer) claim that their homes were defective and unmerchantable when purchased, and they seek compensatory and punitive damages from the manufacturer under the Magnuson-Moss Act, 15 U.S.C. § 2311(d) (1994), for breach of warranty, both express and implied, and under several state-law tort theories

---

[1]*Boyd v. Homes of Legend Inc.,* No. 97-6833; *Bass v. Homes of Legend, Inc.,* No. 97-6835; and *Foster v. Homes of Legend, Inc.,* No. 97-6834. In this opinion, we refer to the plaintiffs in these cases as "the purchasers" and to Homes of Legend, Inc., as "the manufacturer." In *Foster,* we refer to the dealer, Hart's Mobile Homes Sales, Inc., and the individual defendants (who are officers of Hart's) collectively as "the dealer."

of recovery. In one of the cases, *Foster,* the purchaser also seeks the same damages from the dealer. In each case, the buyer and the dealer memorialized the transaction by executing a retail installment contract. The contract contained an arbitration provision, providing for binding arbitration of any claim "arising from or relating to this Contract or the parties thereto."

This litigation began in Alabama circuit court in January 1997.[2] After the purchasers filed their complaints, the manufacturer removed the cases to the United States District Court for the Middle District of Alabama;[3] the manufacturer represented that the district court had subject matter jurisdiction over the controversies because one of the purchasers' claims sought relief under the Magnuson-Moss Act.[4] Once in federal court, the manufacturer, contending that it was entitled to the protection of the mandatory arbitration provision contained in the retail installment contracts, moved the district court pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16 (1994), to enter an order compelling the purchasers to arbitrate their claims against it and staying further proceedings in the cases. In *Foster,* the dealer also sought an order compelling arbitration.

Before the district court could address these motions, the purchasers moved the court to remand the cases to state court on the ground that the district court lacked subject matter jurisdiction. They cited the same Magnuson-Moss Act provision the manufacturer had cited as the basis for the district court's subject matter jurisdiction, 15 U.S.C. § 2310(d) (1994). That provision states, in relevant part:

> (1) [A] consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation ... under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief—
>
> ....

---

[2]The *Boyd* suit was brought in the Circuit Court of Lee County. The *Bass* and *Foster* suits were brought in the Circuit Court of Elmore County.

[3]*See generally* 28 U.S.C. § 1441 (1994).

[4]The manufacturer based the district court's subject matter jurisdiction on 15 U.S.C. § 2310(d) (1994) and 28 U.S.C. § 1331 (1994).

(B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection.

....

(3) No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection—

....

(B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit....

15 U.S.C. § 2310(d)(1), (3).

The purchasers contended that the only claims the court could consider in determining the amount in controversy, and thus the court's subject matter jurisdiction, were their breach of warranty claims,[5] and that none of those claims properly could be valued at $50,000 or more. The value of those claims, the purchasers argued, was, in each case, the purchase price paid for the mobile home. In *Boyd,* the purchase price was $15,540; in *Bass,* the price was $18,400; in *Foster,* it was $25,680. The purchasers acknowledged that the *ad damnum* clauses at the end of their complaints prayed for "such sum of compensatory and punitive damages as a jury may assess, in excess of $10,000, all together with interest, costs, and attorney's fees under the Magnuson-Moss Warranty Act."[6] They contended, however, that only the purchase prices of their mobile homes could be used in calculating the amount in controversy; accordingly, the prayer for punitive damages, interest, costs, and attorney's fees should be disregarded. These items should be disregarded, they said,

---

[5]The manufacturer and the dealer properly conceded that the only claims (in the purchasers' complaints) the district court could consider in determining whether the jurisdictional amount of § 2310(d)(3) had been met were the purchasers' claims under the Magnuson-Moss Act. *See Ansari v. Bella Auto. Group, Inc.,* 145 F.3d 1270, 1272 (11th Cir.1998) (holding that damages from pendant state law claims may not be included to satisfy § 2310(d)(3)(B)'s amount in controversy requirement). Hence, the parties and the district court limited their inquiry to the damages recoverable for breach of an express or an implied warranty.

[6]This is how the clause read in the *Boyd* and *Bass* complaints. In *Foster,* the plaintiffs sought recovery from the manufacturer and the dealer "for such sum of compensatory and punitive damages, in excess of $10,000 as a jury may award, together with interest, costs, and attorneys fees under the Magnuson-Moss Act."

3

because Alabama Supreme Court precedent precluded the recovery of punitive damages in actions for breach of warranty (whether express or implied), and 15 U.S.C. § 2310(d)(3) precluded the use of interest, costs, and attorney's fees (an element of costs) in determining the amount in controversy.

The district court rejected the purchasers' argument that punitive damages could not be taken into account in resolving the jurisdictional issue and therefore denied their motions for remand. In doing so, the court appears to have relied exclusively on the purchasers' attorneys' presumed compliance with Rule 11 of the Federal Rules of Civil Procedure when, in the *ad damnum* clauses of the complaints, counsel sought the recovery of "compensatory and punitive damages ..., all together with interest, costs, and attorneys fees under the Magnuson-Moss Warranty Act." In its dispositive order, the court said:

> The court assumes that plaintiffs have complied with Rule 11 of the Federal Rules of Civil Procedure, which provides that, "By presenting to the court ... a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, ... the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of a new law." In other words, the court assumes that under existing law or an "extension, modification, or reversal of existing law or the establishment of new law," the plaintiffs are entitled to both compensatory and punitive damages under the Magnuson-Moss Act. (If the plaintiffs have violated Rule 11, then they should so inform the court.) Because plaintiffs are seeking both compensatory and punitive damages, the court finds by a preponderance of the evidence that defendants have satisfied the jurisdictional amount required.

On October 1, 1997, in a published decision, *Boyd v. Homes of Legend, Inc.,* 981 F.Supp. 1423 (M.D.Ala.1997), the district court disposed of the several motions to compel arbitration and to stay further proceedings in the cases. The court denied the manufacturer's motions, concluding that the manufacturer was not entitled to invoke the arbitration clause contained in the retail installment contracts. The court, however, granted the dealer's motion in *Foster;* in addition, it dismissed the dealer from that case. The *Foster* purchasers thereafter moved the court to enter final judgment against them on their claims against the dealer pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The court granted their motion, and entered a Rule 54(b) judgment.

The *Foster* purchasers now appeal that judgment—for the purpose of challenging the district court's

decision compelling them to arbitrate their claims against the dealer and dismissing their lawsuit. We have jurisdiction of their appeal under 28 U.S.C. § 1291 (1994). The manufacturer also appeals, challenging the district court's denial of its motions to compel arbitration and to stay proceedings. We have jurisdiction of its appeal under 9 U.S.C. § 16(a)(1)(A), (B).

## II.

As noted above, the purchasers, in their motions to remand, asserted that the district court lacked subject matter jurisdiction to entertain their claims. The district court found that it had jurisdiction because, in each case, the purchaser's attorneys represented, under penalty of Rule 11 sanction, that the purchaser's compensatory damages (measured by the purchase price of his mobile home) and the possibility of a punitive damages award established the $50,000 jurisdictional amount. None of the purchasers has taken issue with the court's finding on appeal. In other words, the purchasers have conceded the jurisdictional point.

We cannot accept their concession. In addition to our obligation to satisfy ourselves that we have jurisdiction over these appeals, we must also be satisfied that the district court had jurisdiction to entertain these cases on the merits. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, ----, 118 S.Ct. 1003, 1012-13, 140 L.Ed.2d 210 (1998).[7] When the lower court lacks jurisdiction, we have jurisdiction on appeal for the sole purpose of correcting the lower court's error in entertaining the suit. *See Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Fla.,* 177 F.3d 1212, 1221 (11th Cir.1999). Accordingly, we are obliged to consider whether the district court erred when it held that it had subject matter jurisdiction to resolve these controversies.[8]

---

[7]This obligation applies to every appeal; it is "inflexible and without exception." *Steel Co.,* 523 U.S. at ----, 118 S.Ct. at 1012 (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan,* 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884)).

[8]We note in passing that the Federal Arbitration Act, which the manufacturer and, in *Foster,* the dealer sought to enforce in the district court, could not, standing alone, have provided the district court with subject matter jurisdiction over these controversies. *See Merrill Lynch, Pierce, Fenner, & Smith, Inc. v. Haydu,* 637 F.2d 391, 395 (5th Cir. Unit B Feb.1981).

The presence of subject matter jurisdiction in these cases turns on whether the purchasers could recover punitive damages if they prevailed on their breach of warranty claims against the manufacturer—and, in *Foster,* against the dealer as well—under the Magnuson-Moss Act.[9] The answer to this question depends on the remedies the law of Alabama, where the purchasers bought their mobile homes, provides in breach of warranty cases.

That we should look to state law, rather than federal law, to determine whether punitive damages are available under the Magnuson-Moss Act was decided in *MacKenzie v. Chrysler Corporation,* 607 F.2d 1162 (5th Cir.1979), a case that constitutes binding precedent in this circuit.[10] In *MacKenzie,* the purchaser of a new car sued the manufacturer and the dealer under the Magnuson-Moss Act for breach of warranty (both express and implied) after the dealer failed to solve various problems covered by the car's warranty.[11] The purchaser sought both compensatory and punitive damages. The district court rejected the purchaser's claim for punitive damages, and the court of appeals affirmed because Mississippi's[12] version of the Uniform Commercial Code did not provide for the recovery of punitive damages in breach of warranty cases. *See id.* at 1167. The court turned to state law for the rule of decision because: (1) the Magnuson-Moss Act "is virtually silent as to the amount and type of damages" that may be awarded in a breach of warranty suit brought under the Act, (2) the Act neither invalidates nor restricts " 'any right or remedy of any consumer under State law' " (quoting 15 U.S.C. § 2311(b)(1)) and (3) "the legislative history clearly implies that a resort

---

[9]Whether punitive damages are recoverable presents a pure question of law; thus, we review *de novo* the district court's resolution of the issue. In doing so, we give no effect to the district court's finding "by a preponderance of the evidence that defendants have satisfied the jurisdictional amount required."

[10]In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[11]In his complaint, the plaintiff also alleged, in a separate count, that the manufacturer had tortiously interfered with his employment contract. The district court's subject matter jurisdiction was based on diversity of citizenship.

[12]The plaintiff purchased his automobile in Mississippi.

to state law is proper in determining the applicable measure of damages under the Act." *Id.* at 1166.[13]

Applying *MacKenzie* 's instruction that the district courts must consult state law for the answer to the question whether punitive damages are recoverable in a breach of warranty action, we look to Alabama law. Under Alabama's version of the Uniform Commercial Code (UCC), which appears to govern the transactions in these cases, punitive damages are not recoverable. Alabama Code § 7-1-106 (1997), titled "Remedies," states that:

> The remedies provided by this title shall be liberally administered to the end that the aggrieved party may be put in as good a position as if the other party had fully performed but neither consequential or special nor *penal* damages may be had except as specifically provided in this title or by other rule of law.

(emphasis added). We find nothing in other Alabama statutes or in the Alabama common law that would authorize an award of punitive damages in the event the purchaser prevails on his warranty claims in any of these cases.

In fact, Alabama Code § 7-1-106 appears to be a codification of the Alabama common law. Under Alabama common law, punitive damages are not recoverable for breach of contract. *See Geohagan v. General Motors Corp.,* 291 Ala. 167, 279 So.2d 436, 438 (1973); *see also Wood v. Citronelle-Mobile Gathering Sys. Co.,* 409 F.2d 367, 369 (5th Cir.1968). A warranty is a form of contract. *See Millsap v.*

---

[13]The Fifth Circuit followed *MacKenzie* 's teaching in *Boelens v. Redman Homes, Inc.,* 748 F.2d 1058 (5th Cir.1984), a Magnuson-Moss Act case on all fours with the instant case, except that the court looked to Texas law, rather than Alabama law, to determine whether punitive damages were recoverable in a breach-of-warranty action. In *Boelens,* a mobile home purchaser sued the manufacturer and the dealer. As here, the district court had to decide whether the value of a claim for punitive damages could be added to the plaintiff's economic loss (the value of the mobile home as warranted at the time of its acceptance by the purchaser—i.e., the purchase price) for purposes of determining the amount in controversy under 15 U.S.C. § 2310(d)(3). The court concluded that the value of the punitive damages claim could not be counted. It found that, in Texas, "[t]he rules that govern actions for breach of warranty are the same as those governing actions for breach of contract." *Id.* at 1070. The case fell " 'into the category of a suit for breach of contract, for which the proper redress is money judgment for actual damages, and for which [punitive] damages are not authorized.' " *Id.* (quoting *Graham v. Turner,* 472 S.W.2d 831, 838 (Tex.Civ.App.1971)). Since the economic loss the plaintiff had suffered was insufficient to establish the statute's $50,000 jurisdictional amount, the court held that the district court lacked subject matter jurisdiction, and directed the district court to dismiss the case. *Id.* at 1071.

7

*Wolfe,* 1 Ala.App. 599, 56 So. 22, 24 (1911). Therefore, punitive damages are not recoverable under Alabama law in an action for a breach of warranty.

The Alabama Supreme Court adhered to these principles in *West v. Friday, Inc.,* 403 So.2d 213 (Ala.1981). In that case, several homeowners sued the builder for breach of implied warranty as to fitness, habitability, good workmanship, and materials, because the stucco on the exterior walls of their homes was defective and had to be replaced. The trial court awarded the plaintiffs damages based on the cost of repairing the exterior walls, and the plaintiffs appealed, contending that the court erred in denying their claims for punitive damages. In rejecting the plaintiffs position, the supreme court said:

> Damages recoverable for breach of contract are those that naturally and proximately result from the breach. *Alabama Water Service Co. v. Wakefield,* 231 Ala. 112, 163 So. 626 (1935). That is, damages for breach of warranty or contract are awarded to put the party in the same position he would have occupied had the breach not occurred. *Geohagan v. General Motors Corp.,* 291 Ala. 167, 279 So.2d 436 (1973)....
>
> This court stated in *Geohagan* that punitive damages are not recoverable in a breach of warranty action. In that action the only questions are: was there a contract, was there a breach, and if so, what were the damages suffered by the buyer. *Scott v. Holland,* 132 Ala. 389, 31 So. 514 (1902).

*West,* 403 So.2d at 214.

In conclusion, the law of Alabama is clear: The purchasers could not recover punitive damages if they prevailed on their Magnuson-Moss Act breach of warranty claims. The district court therefore erred when it took punitive damages into account in determining whether the claims satisfied the amount-in-controversy requirement of 15 U.S.C. § 2310(d)(3). Instead of entertaining the motions of the manufacturer and the dealer (in *Foster* ) to compel arbitration, and to stay further proceedings pending arbitration, the court should have remanded these cases to Alabama circuit court based on want of subject matter jurisdiction.

These cases are REMANDED with instructions that the district court (1) vacate its order denying the manufacturer's motions to compel arbitration and, in *Foster,* its Rule 54(b) judgment granting the dealer's motion to compel arbitration and to dismiss the case, and (2) remand these cases to the Alabama circuit courts

from which they were removed.

        SO ORDERED.