[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 30, 2010
JOHN LEY
CLERK

_____

No. 09-14269
Non-Argument Calendar

_____

D. C. Docket Nos. 08-22615-CV-MGC,
89-00362-CR-MGC-1

JOHN GALATOLO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 30, 2010)

Before EDMONDSON, BLACK and MARTIN, Circuit Judges.

PER CURIAM:

John Galatolo, a federal prisoner, appeals pro se the district court's order denying his motion seeking relief from the district court's order denying his 28 U.S.C. § 2255 motion to vacate or correct sentence. Galatolo claims the district court erred by construing his motion solely as a successive § 2255 motion. He contends his motion should instead be construed as a motion under Federal Rule of Civil Procedure 60(d)(3) alleging that the Government committed fraud on the court in his trial and original § 2255 proceedings by withholding exculpatory information and later falsely representing that it did not commit any violations under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963).

We review de novo the district court's dismissal of a § 2255 motion as second or successive. *McIver v. United States*, 307 F.3d 1327, 1329 (11th Cir. 2002). We review for abuse of discretion the district court's denial of a Rule 60 motion alleging fraud. *Waddell v. Henry Cnty. Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003).

Rule 60(b) permits a litigant to move for relief from an otherwise final judgment for a number of reasons, including "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). Such motions are subject to a one-year statute of limitations. Fed. R. Civ. P. 60(c)(1). However, under recently-enacted Rule 60(d),

2

no limitations period diminishes "a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding; [or] . . . (3) set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d).

When a pro se plaintiff brings a motion under Rule 60, the district court may appropriately construe it as a § 2255 motion, and, if applicable, treat it as an unauthorized second or successive motion. *See Williams v. Chatman*, 510 F.3d 1290, 1293-95 (11th Cir. 2007). If construed as a second or successive motion, the district court lacks subject-matter jurisdiction. *Id.* at 1295.

In *Gonzalez v. Crosby*, the Supreme Court provided guidance as to how prisoner claims under Rule 60 should be construed. 545 U.S. 524, 531-32, 125 S. Ct. 2641, 2647-48 (2005).[1] If the motion seeks to add a new ground for relief from the underlying judgment of conviction, or otherwise attacks the district court's resolution of any original § 2255 claims on the merits, then the court should construe the Rule 60 action as a second or successive § 2255 motion and dismiss it accordingly. *Id.* By contrast, "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," courts should not treat the Rule

---

[1] *Gonzalez* addressed this issue in the context of a 28 U.S.C. § 2254 petition for habeas corpus. However, we recognize that "the principles developed in habeas cases also apply to § 2255 motions." *Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987).

3

60 action as a successive § 2255 motion. *Id.* at 532-33; 125 S. Ct. at 2648. Such actions can "be ruled upon by the District Court without precertification." *Id.* at 538, 125 S. Ct. at 2651. The *Gonzalez* Court specifically identified fraud on the federal habeas court as an example of one such permissible Rule 60 claim. *Id.* at 532 n.5, 125 S. Ct. at 2648.

When a Rule 60 motion is construed as an independent action alleging fraud on the court, the movant must establish by clear and convincing evidence, among other things, "fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense." *Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985). "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978). An action for fraud on the court should be available only to "prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47, 118 S. Ct. 1862, 1868 (1998). Further, the movant must show an "unconscionable plan or scheme" to improperly influence the court's decision. *Rozier*, 573 F.2d at 1338. "Conclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which

4

support such belief do not serve to raise the issue of the existence of fraud."

*Booker v. Dugger*, 825 F.2d 281, 284-85 (11th Cir. 1987) (quotation omitted).

The district court did not construe Galatolo's pleading solely as a second or successive § 2255 motion, and accordingly did not err in this respect. Rather, by adopting the Magistrate's Report and Recommendation (R&R) without limitation, the court adopted the reasoning of the R&R, which construed his claims as second or successive only to the extent they attacked his underlying convictions and sentences and denied his claims as meritless to the extent they alleged fraud on the original § 2255 court.[2]

The district court also did not abuse its discretion by holding that Galatolo did not properly allege conduct sufficient to constitute fraud on the court. "*Brady v. Maryland* has no application in the postconviction context," *Cunningham v. Dist. Attorney's Office for Escambia Ctny.*, 592 F.3d 1237, 1260 (11th Cir. 2010), and thus Galatolo's allegations of *Brady* violations that occurred during the § 2255 proceedings, even if true, would not be sufficient to establish fraud on the court. Moreover, Galatolo has failed to elaborate, beyond his conclusory allegation, how

---

[2] When the district court adopts a magistrate's R&R, it adopts the reasoning of the R&R to the extent that it is not explicitly rejected. *See, e.g.*, *Ellinger v. United States*, 470 F.3d 1325, 1334 n.8 (11th Cir. 2006) (holding that by adopting an R&R, the district court implicitly adopted a particular conclusion of the magistrate); *Machetti v. Linahan*, 679 F.2d 236, 241 (11th Cir. 1982) (same).

the Government could commit fraud on the court in his § 2255 proceedings merely by asserting that he could not prove the elements necessary to establish that the Government had committed *Brady* violations prior to his trial. Galatolo also has failed to provide clear and convincing probative facts indicating that the Government had an unconscionable scheme to improperly influence the court. The district court therefore did not abuse its discretion by finding that allowing the order denying his § 2255 motion to stand would not constitute a grave miscarriage of justice. Accordingly, the district court appropriately disposed of Galatolo's action.

**AFFIRMED.**