[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10453
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 29, 2012
JOHN LEY
CLERK

D.C. Docket No. 3:11-cv-00403-MCR-EMT

JOHN WILLIAM CARTER,

Plaintiff - Appellant,

versus

CLINTON WELLS KILLINGSWORTH,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 29, 2012)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

John William Carter appeals *pro se* from a district court order dismissing his

case for lack of subject-matter jurisdiction.  After review, we affirm.

Carter sued Clinton Wells Killingsworth, alleging that Killingsworth's pest control service failed to inspect or treat the structure of his Florida home, which resulted in damages, in violation of the Magnuson-Moss Warranty Act (MMWA), 15 U.S.C. §§ 2301-2312.  He sought $58,800 in damages, which included the cost of repairs, attorneys' fees, mental anguish, and $25,000 in punitive damages.  A magistrate judge recommended dismissal for lack of subject-matter jurisdiction because Carter was not entitled to punitive damages and therefore he failed to plead the amount in controversy required by the MMWA.  Over Carter's objections, the district court  adopted the magistrate judge's recommendation and dismissed the complaint.  Carter appeals.

We review *de novo* a district court's dismissal for lack of subject-matter jurisdiction.  *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998).

Under the MMWA, an individual may file suit for damages and other relief for violations of a service contract or warranty.  15 U.S.C. § 2306(b).  But a plaintiff may only file suit under the MMWA if the amount in controversy is $50,000 or more.  15 U.S.C. § 2310(d)(3)(B).  "[W]e should look to state law, rather than federal law, to determine whether punitive damages are available" under the MMWA and therefore applicable towards the amount in controversy.

*Boyd v. Homes of Legend, Inc.*, 188 F.3d 1294, 1298 (11th Cir. 1999). Under Florida law, punitive damages are not recoverable for a breach-of-contract or breach-of-warranty claim. *Royal Typewriter Co. v. Xerographic Supplies Corp.*, 719 F.2d 1092, 1106 (11th Cir. 1983) (applying Florida contract and breach-of-warranty law).

The district court accordingly did not err in dismissing Carter's claim for lack of jurisdiction. Because Carter's claim for $25,000 in punitive damages is not cognizable under the MMWA, he only alleged $33,800 in MMWA damages. This is insufficient to meet the statute's $50,000 amount-in-controversy requirement. 15 U.S.C. § 2310(d)(3)(B).

Carter argues that he is not suing for breach of contract, so he is not bound by the requirement. But the MMWA only provides redress for a provider's failure to comply with "a written warranty, implied warranty, or service contract." *Id.* § 2310(d)(1). And Carter continues to assert his claim under the MMWA. Thus, the statute's amount-in-controversy requirement, which Carter did not satisfy, applies nonetheless. Because Carter failed to plead the minimum amount, the district court properly concluded that it lacked jurisdiction over the action.

**AFFIRMED.**