[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14248
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cr-14026-JEM-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MIGUEL ANGEL PINEDA-NUNEZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 20, 2016)

Before WILSON, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Miguel Pineda-Nunez, proceeding *pro se*, appeals the district court's denial of his "Motion for a Request for a *Nunc Pro Tunc* Designation of a State Institution and/or Motion for Judicial Recommendation for a *Nunc Pro Tunc* Designation of a State Institution," which requested that the district court recommend that the Bureau of Prisons ("BOP") designate a Florida state prison as the place of confinement for his federal sentence.[1]  Because the district court lacked jurisdiction to consider Pineda-Nunez's motion, we vacate and remand with instructions to dismiss for lack of jurisdiction.

## I.

Pineda-Nunez was convicted of illegal re-entry following deportation subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a).  The district court sentenced him to 36 months' imprisonment for the immigration conviction, to be served consecutive to an undischarged term of imprisonment for a state cocaine-trafficking conviction.  Pineda-Nunez did not appeal his sentence.  Nearly four years later, while he was serving his state term of imprisonment, he filed the instant motion.  In the motion, Pineda-Nunez asserted

---

[1] The designation of a state facility as an inmate's place of incarceration has the effect of causing federal and state sentences to run concurrently.  *See* BOP Program Statement 5160.05(9)(a).

2

that his state and federal charges were related offenses and that he therefore was a suitable candidate for "designation of an appropriate state institution for service of a 'concurrent' federal sentence." Def.'s Mot. at 3 (Doc. 36).[2] The district court summarily denied the motion. This is Pineda-Nunez's appeal.

## II.

In his *pro se* motion, Pineda-Nunez appeared to ask the district court to make the sentence it previously imposed run concurrently with his state sentence so that all of his time would be served in state prison. His motion was made pursuant to several statutory provisions, none of which authorized the district court to grant the relief he sought.[3]

After reviewing Pineda-Nunez's motion, we think it most appropriate to construe it as a request for sentence modification under 18 U.S.C. § 3582(c). *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category."). The judgment in Pineda-Nunez's federal criminal case specified that his sentence was to run consecutive to the undischarged term of imprisonment for his state drug trafficking

---

[2] "Doc." refers to the docket entry in the district court record in this case.

[3] Pineda-Nunez's motion referenced 18 U.S.C. §§ 3621(b), 3624(c), and 3584(a). Sections 3621(b) and 3624(c) concern the authority of the BOP, not the district court. Section 3584(a) grants a district court discretion to decide whether a defendant's sentences are to run consecutively or concurrently, but it does not address retroactively making that determination after a defendant has already been sentenced.

3

conviction.  Thus, by asking the district court to recommend to the BOP that he serve his sentence in a state prison (so that his state and federal sentences run concurrently), Pineda-Nunez necessarily was asking the court to modify the term of his federal sentence from one consecutive to his state sentence to one concurrent with his state sentence.  Having decided that the proper construction of Pineda-Nunez's motion is one for sentence modification pursuant to § 3582(c), we next consider whether the district court had subject matter jurisdiction to address the merits of the motion.  We conclude it did not.

### III.

"Whether a court has jurisdiction over a particular case is a question of law subject to plenary review."  *United States v. Maduno*, 40 F.3d 1212, 1215 (11th Cir. 1994).  A party may raise jurisdiction at any time during the pendency of the proceedings.  *United States v. Giraldo-Prado*, 150 F.3d 1328, 1329 (11th Cir. 1998).  "When the lower court lacks jurisdiction, we have jurisdiction on appeal for the sole purpose of correcting the lower court's error in entertaining the suit."  *Boyd v. Homes of Legend, Inc.*, 188 F.3d 1294, 1298 (11th Cir. 1999).  "We review *de novo* questions concerning the jurisdiction of the district court." *United States v. Oliver*, 148 F.3d 1274, 1275 (11th Cir. 1998).

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute."  *United States v. Phillips*, 597 F.3d 1190, 1194-95

4

(11th Cir. 2010). Under 18 U.S.C. § 3582(c), a district court may modify a sentence only under three circumstances: (1) the BOP files a motion and certain other conditions are met; (2) a modification is expressly permitted by a statute or Rule 35 of the Federal Rules of Criminal Procedure; or (3) the defendant was sentenced based on a Sentencing Guidelines range that was subsequently lowered by the Sentencing Commission. *See* 18 U.S.C. § 3582(c); *Phillips*, 597 F.3d at 1195.

Pineda-Nunez's motion does not fall within any of the categories of authorized § 3582(c) motions. The BOP has not filed a motion to modify Pineda-Nunez's sentence. His motion also does not appear to be permitted by statute or the Federal Rules of Criminal Procedure.[4] Nor does Pineda-Nunez contend that his sentence was based on a Sentencing Guidelines range that subsequently was lowered. Consequently, construing Pineda-Nunez's motion as having requested modification of his sentence under § 3582(c), we can identify no statute or rule affording the district court jurisdiction to modify his sentence. *See United States v. Anderson*, 772 F.3d 662, 668 (11th Cir. 2014) (suggesting the district court's authority to modify a petitioner's sentence based on one of the three circumstances outlined in § 3582(c) is jurisdictional).

---

[4] Rule 35 of the Federal Rules of Criminal Procedure permits a district court to correct, within 14 days after sentencing, a sentence that resulted from arithmetical, technical, or other clear error. Fed. R. Crim. P. 35(a). Pineda-Nunez's motion identified no sentencing error, thus Rule 35(a) does not apply. Even if it had, Pineda-Nunez filed his motion after the expiration of the 14 day deadline. In either case, the district court had no authority to modify his sentence.

IV.

The district court lacked jurisdiction to entertain Pineda-Nunez's motion. We therefore vacate and remand with instructions to dismiss for lack of jurisdiction.

**VACATED AND REMANDED WITH INSTRUCTIONS.**