[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11026
Non-Argument Calendar

_____

D.C. Docket No. 8:02-cr-00508-EAK-TGW-1

ANDRE PAIGE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 10, 2017)

Before MARCUS, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Andre Paige appeals the district court's denial of his pro se "Motion to Re-open, Motion for Appointment of Counsel, Motion for Evidentiary Hearing," which the district court construed as a 28 U.S.C. § 2255 motion to vacate, set

aside, or correct sentence.  In response, the government raises the issue of whether the district court erred in denying Paige's § 2255 motion, rather than dismissing the motion for lack of subject matter jurisdiction, since Paige failed to seek our permission to file a second or successive motion.  After careful review, we vacate and remand with instructions for the district court to dismiss the case for lack of jurisdiction.

In every case, we must ensure both that we have jurisdiction over an appeal, and that the district court had jurisdiction to consider the case on the merits.  Boyd v. Homes of Legend, Inc., 188 F.3d 1294, 1297-98 (11th Cir. 1999); see Hubbard v. Campbell, 379 F.3d 1245, 1246-47 (11th Cir. 2004) (affirming a district court's determination that it lacked jurisdiction to consider a successive § 2255 motion). If the lower court lacks jurisdiction to consider the case on the merits, we have jurisdiction on appeal solely to correct the lower court's error.  Boyd, 188 F.3d at 1298.  We review jurisdictional questions de novo.  Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007).

Before a federal prisoner can file a second or successive § 2255 motion, he must obtain an order from the court of appeals authorizing the district court to consider the motion.  28 U.S.C. §§ 2244(b)(3)(A), 2255(h); In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1996).  Without our order of authorization, the district court is without jurisdiction to consider the § 2255 motion.  28 U.S.C. §§

2

2244(b)(3)(A), 2255(h); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).  Prisoners cannot escape this gatekeeping function by relabeling their claim as something other than a § 2255 motion.  See Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc).  If the prisoner's motion fails to meet the jurisdictional requirements of §§ 2244(b) and 2255, the district court should dismiss the motion.  See 28 U.S.C. §§ 2244(b)(1)-(2), (4), 2255(h); Williams, 510 F.3d at 1295 (vacating the district court's judgment denying the defendant's Rule 60(b) motion, and remanding the case back to the district court with instructions to dismiss the motion for lack of jurisdiction).

In this case, the district court here properly concluded that it did not have subject matter jurisdiction to resolve Paige's successive § 2255 or Rule 60(b) motion.  Paige's motion was a § 2255 motion to vacate or a Rule 60(b) motion for relief, so he was required to gain our permission to file a successive motion in district court since he filed a previous § 2255 motion that had been denied.  28 U.S.C. §§ 2244(b)(3)(A), 2255(h); In re Blackshire, 98 F.3d at 1293. Paige never sought or received our permission to file a successive § 2255 motion.

Nevertheless, the district court erred by denying Paige's § 2255/Rule 60(b) motion -- as if it had ruled on the merits -- rather than dismissing it for lack of jurisdiction.  See 28 U.S.C. §§ 2244(b)(1)-(2), (4), 2255(h); Williams, 510 F.3d at

3

1295.  We therefore vacate the district court's order, and remand to the district court with instructions to dismiss the motion for lack of jurisdiction.

**VACATED AND REMANDED.**