[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11328
Non-Argument Calendar

_____

D.C. Docket No. 0:05-cr-60160-KAM-10

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARCUS RIVERS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 22, 2019)

Before MARTIN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Marcus Rivers is a federal prisoner serving a 180-month sentence for conspiracy to possess with intent to distribute cocaine and a mixture and substance containing a detectable amount of marijuana.  Earlier this year, Rivers sought to set aside his conviction on the grounds that the government's chief witness committed perjury during Rivers's trial.  Rivers, proceeding pro se, submitted his motion under Federal Rule of Civil Procedure 60(d)(3), which permits the district court to "set aside a judgment for fraud on the court."  The district court issued an order the very next day dispatching with Rivers's motion.  The district court began its order by stating that Rule 60 is a rule of civil procedure and so cannot provide for relief from judgment in a criminal case.  As a result, the district court construed Rivers's motion as seeking relief under 28 U.S.C. § 2255.[1]  Because Rivers had already submitted one § 2255 motion attacking his conviction—in 2010, arguing ineffective assistance of counsel—the district court held it was without jurisdiction to consider his successive § 2255 motion because the court of appeals had not permitted Rivers to make such a motion.  See 28 U.S.C. § 2255(h).  The district court then denied Rivers's § 2255 motion.  Rivers appealed, still proceeding pro se.

---

[1] Because Rivers's motion seeks relief from the judgment of conviction and does not point to a defect in the integrity of his federal habeas proceedings, this was the correct decision. Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc), overruled on other grounds by McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076 (11th Cir. 2017) (en banc); Galatolo v. United States, 394 F. App'x 670, 672 (11th Cir. 2010) (per curiam) (unpublished).  For this reason, we refer to Rivers's motion as a "§ 2255 motion."

In every case, we must ensure both that we have jurisdiction over an appeal and that the district court had jurisdiction to consider the case on the merits. Boyd v. Homes of Legend, Inc., 188 F.3d 1294, 1297–98 (11th Cir. 1999). If the district court lacks jurisdiction to consider the case on the merits, we have jurisdiction on appeal solely to correct the district court's error. Id. at 1298.

Although Rivers's briefing mostly focuses on the merits of his motion, we cannot address any of those points because we conclude the district court was without jurisdiction to hear them. As the district court correctly noted, a federal prisoner must receive permission from the court of appeals before he can file a second or successive § 2255 motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (per curiam). But we have held that this requirement is jurisdictional—that is, if the petitioner failed to seek permission from the court of appeals for his second or successive § 2255 motion, the district court lacks jurisdiction to consider the motion. In re Bradford, 830 F.3d 1273, 1277 (11th Cir. 2016) (per curiam); see Paige v. United States, 684 F. App'x 902, 903–04 (11th Cir. 2017) (per curiam) (unpublished).

However, the district court here erred by denying—rather than dismissing—Rivers's § 2255 motion. See Paige, 684 F. App'x at 903–04. The government concedes this is the case. We therefore vacate the district court's order and remand to the district court with instructions to dismiss the motion for lack of jurisdiction.

3

**VACATED AND REMANDED.**

4