[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10250
Non-Argument Calendar
_____

D.C. Docket No. 5:97-cr-00002-WTH-PRL-1

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

KELVIN TOWNSEND,
a.k.a. Kilven Townsend,
a.k.a Timmy Brown,
a.k.a. Mike Young,
a.k.a. Calvin Townsend,
a.k.a. Jimmy Brown,
a.k.a. Calvin Brown,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 13, 2020)

Before BRANCH, GRANT, and FAY, Circuit Judges.

PER CURIAM:

Kelvin Townsend, a federal prisoner proceeding pro se, appeals the district court's denial of his request for a certified copy of the indictment in his criminal case. We affirm.

## I.

In June 1997, a jury found Townsend guilty of possessing a firearm as a convicted felon and possessing with intent to distribute cocaine base. We affirmed Townsend's convictions and sentences on direct appeal. *See United States v. Townsend*, 162 F.3d 1176 (11th Cir. 1998) (Table). Townsend subsequently filed several collateral attacks on his convictions and sentences under 28 U.S.C. § 2255, all of which were denied or dismissed as successive.

In September 2018, Townsend filed the motion that is the subject of this appeal. In it, Townsend asked for a certified copy of the indictment from his 1997 criminal case, claiming that the indictment had not been signed by the grand jury foreperson and was therefore defective. He also claimed that his trial counsel provided ineffective assistance during pretrial proceedings by failing to investigate and challenge the allegedly defective indictment. The district court denied Townsend's motion, directing him to request copies directly from the clerk of court.

2

On appeal, Townsend does not directly challenge the district court's denial of his motion for a certified copy of his indictment; instead, he argues that the district court lacked jurisdiction in his criminal case because the indictment was defective.

## II.

By failing to make any argument in his initial brief regarding the district court's denial of his request for a certified copy of his indictment, Townsend has abandoned the sole appealable issue. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Townsend's argument that his indictment was defective is not properly before us because even if he had clearly raised that issue in his motion, the district court lacked jurisdiction to consider it.[1] *See Boyd v. Homes of Legend, Inc.*, 188 F.3d 1294, 1298 (11th Cir. 1999) (where the district court lacks jurisdiction to consider an issue, we also lack jurisdiction to reach the merits of the issue on appeal). For the same reasons, Townsend's request to certify the question regarding the validity of the indictment to the United States Supreme Court is DENIED.

---

[1] Townsend's postconviction challenge to the district court's jurisdiction in his criminal case falls within the purview of 28 U.S.C. § 2255(a); consequently, a § 2255 motion to vacate is the "exclusive mechanism" for Townsend to bring such a claim. *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081, 1086–87 (11th Cir. 2017). But Townsend has already filed several § 2255 motions, and without this Court's authorization, the district court lacked jurisdiction to consider another one. *See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005).

3

Townsend's motion for sanctions against the government for producing an allegedly "perjured" copy of the grand jury indictment bearing the foreperson's signature is also DENIED.  A certified copy of the indictment signed by the grand jury foreperson was filed in the district court in Townsend's criminal case on January 23, 1997, and there is no evidence to support Townsend's claim that the matching copy of the indictment filed by the government in this Court is in any way fraudulent.

## III.

The district court's denial of Townsend's motion for a certified copy of his indictment is affirmed.

**AFFIRMED.**